# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | No. 1:21-cr-00178-APM |
| ) | |
| PETER SCHWARTZ, ) | |
| Defendant. ) | |

## NOTICE OF FILING

The United States, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully notifies the Court that the following exhibits have been submitted to the Court in conjunction with the "Government's Opposition to Defendant's Motion to Set Bond and Conditions of Release," filed on June 15, 2021.

- **Gov't Exhibit 1:** Video footage from the Body Worn Camera of Metropolitan Police Department Officer C.B.; recorded on the Lower West Terrace; timestamp 14:30:10 (2:30:10 p.m.); total length of clip: 1 minute and 11 seconds.

- **Gov't Exhibit 2:** Video footage from the Body Worn Camera of Metropolitan Police Department Officer L.H.; recorded on the Lower West Terrace; timestamp 14:34:53 (2:34:53 p.m.); total length of clip: 38 seconds.

- **Gov't Exhibit 3:** CCTV footage from the Lower West Terrace tunnel; no timestamp; total length of clip: 1 minute and 45 seconds.

- **Gov't Exhibit 4:** Video footage recorded by Photojournalist Jon Farina and later disseminated to the public; recorded on the Lower West Terrace; no timestamp; total length of clip: 28 seconds.

The above-listed exhibits were provided directly to the Court and Counsel via USAfx on June 22, 2021, in anticipation of the bond review hearing scheduled for June 24, 2021. Pursuant to the parameters outlined in Chief Judge Beryl A. Howell's May 14, 2021, Standing Order No. 21-28, the United States does not oppose the future release of the above-listed exhibits to parties who apply to the Court for access.

The D.C. Circuit has consistently employed the six-factor test set out in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), to determine whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection.[1] Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the Court, that test generally weighs in favor of allowing public access to these exhibits.

Applying the *Hubbard* factors to this case, the government does not oppose the future disclosure of the video exhibits pursuant to a Court order and would not request any restrictions on the ability of an applicant to download or copy the exhibits unless the defendant opposes the public dissemination of those exhibits and can articulate a specific and particularized prejudice to him as part of making the requisite showing under *Hubbard*. *See generally Hubbard*, 650 F.2d at 320-21 ("Thus, the possibility of prejudice to the defendants by sensational disclosure is a factor which may weigh in favor of denying immediate public access. The likelihood of prejudice will in turn depend on a number of factors, including, most importantly, the nature of the materials disclosed.").

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:     */s/ Jocelyn Bond*
JOCELYN BOND
Assistant United States Attorneys
DC Bar 1008904
555 4th Street, N.W.
Washington, D.C. 20530
202-809-0793
Jocelyn.Bond@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2021, I caused a copy of the foregoing to be served on counsel of record via electronic filing.

By:     */s/ Jocelyn Bond*
JOCELYN BOND
Assistant United States Attorney