**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 21-CR-178 (APM) |
| | : |
| JEFFREY BROWN, | : |
| Defendant. | : |
| | : |

### DEFENDANT JEFFREY BROWN'S MOTION TO
### RECONSIDER BOND STATUS AND RELEASE PENDING TRIAL

Defendant Jeffrey Brown, through counsel, respectfully requests that this Court

reconsider his bond status and order his release pending trial pursuant to 18 U.S.C. § 3142,

because the on-going conditions at the Correctional Treatment Facility (CTF) for the

Department of Corrections in the District of Columbia frustrate Defendant's ability to

meaningfully contribute to his defense, receive and review discovery material, and fully

exercise his Fifth and Sixth Amendment rights to due process, speedy trial, and counsel.  In

support thereof, the Defendant states as follows:

### BACKGROUND

On August 26, 2021, the Government arrested Mr. Brown at his residence in California

on a criminal complaint alleging Inflicting Bodily Injury on Certain Officers (18 U.S.C. §

111(a) and (b)); Civil Disorder (18 U.S.C. § 231(a)(3)); Entering and Remaining in a Restricted

Building or Grounds, Disorderly and Disruptive Conduct in a Restricted Building or Grounds,

and Engaging in Physical Violence in a Restricted Building or Grounds (18 U.S.C. §

1752(a)(1), (2), and (4)); Disorderly Conduct on Capitol Grounds, Impeding Passage Through

the Capitol Grounds or Buildings, and an Act of Physical Violence in the Capitol Grounds or

Buildings (40 U.S.C. § 5104(e)(2)(D), (E), and (F)), related to Defendant's involvement at the

United States Capitol on January 6, 2021.  (ECF No. 1.)  Superseding indictments followed, alleging substantially the same claims.  (ECF No. 42, 63.)

Mr. Brown was brought before a U.S Magistrate Judge in the Central District of California, who denied the Government's oral motion for pre-trial detention.  The Government requested a 24-hour stay of Mr. Brown's release for review and appeal of the Release Order.  The Magistrate denied this request and released Mr. Brown.  The Government then appealed this decision to the District Court in the District of Columbia.  (ECF No. 6.)  On September 3, 2021, the District Court granted the Government's Motion to Revoke Release Order through a Memorandum Opinion and Order.  (ECF No. 14.)  Defendant appealed this ruling to the Court of Appeals, which affirmed the District Court's pretrial detention order on November 17, 2021.

Pursuant to the Court's September 3, 2021, detention order, Mr. Brown self-surrendered on September 7, 2021, in California.  He was transferred to the District of Columbia, where he has been primarily detained in the CTF.  Since his arraignment and the Government's initial production of discovery, counsel has attempted to provide electronic discovery to Mr. Brown through various prescribed methods.  There are two categories of electronic discovery at issue: (1) the more narrowly-focused discovery that the Government used for the Grand Jury, which shows some of Mr. Brown's action at the time of the alleged conduct; and (2) the broader discovery trove that the Government is producing through evidence.com, which relates to the general facts of the incident and are relevant to both plea discussions and trial preparation.

For the first category, the CTF's direction has been to provide this discovery on a CD or flash drive by mailing it or hand delivering it to the "Litigation Unit" at the CTF.  The Litigation Unit would then provide this discovery to Mr. Brown on a laptop.  The Government recently explained:

In the interim, the DOC's e-discovery laptop program has presented inmates with a reasonable alternative for viewing voluminous documentation. As described in our prior submissions, there are over 20 computers in the DOC's e-discovery program, and inmates may keep them for up to two weeks at a time once they are eligible.

(ECF. No. 67 at p. 12.)

Here is a non-exhaustive summary of the Defense's attempt to deliver this first category of discovery:

- November 17, 2021: Contacted the Litigation Unit at CTF regarding delivering Discovery; told to deliver by mail or hand delivery.
- December 1, 2021: Attempted to hand deliver discovery to CTF; was told at the CTF that hand delivery was not possible, and no one recognized the names of anyone in the Litigation Unit.
- December 4, 2021: Mailed discovery per directions provided.
- December 10, 2021: Emailed Litigation Unit to find out whether the mailed discovery was received; no response.
- January 13, 2022: Turned away from CTF, unable to visit client or deliver discovery.
- January 18, 2022: Status hearing with the Court.
- January 18, 2022: General Counsel was contacted, who redirected counsel to Litigation Unit.
- January 18, 2022: Litigation Unit emailed to say they did receive his discovery, but Mr. Brown's unit was locked down and therefore he would not receive it.
- January 20, 2022: Emailed to find out about length of lock down and when Mr. Brown would receive.  Indefinite reply.
- January 21, 2022: Separate email from a Litigation Unit supervisor informing counsel that the prior emails were incorrect, and that the CTF did not actually have Mr. Brown's discovery.
- January 27, 2022: Hand delivered another copy of discovery on a flash drive to a member of the Litigation Unit.  Member showed up 30 minutes late for pre-scheduled discovery hand off.
- February 3, 2022: Emailed and received reply from CTF that Mr. Brown would receive discovery on February 8.
- February 8, 2022: Emailed and received reply that Mr. Brown would receive discovery on February 11.
- February 11, 2022: Emailed; no response.
- February 15, 2022: Emailed General Counsel, who re-connected counsel with Litigation Unit.
- February 17, 2022: Client received electronic discovery on flash drive, along with a laptop that was not operational; battery needed to be charged.
- February 18, 2022: Status hearing with Court.

3

- February 18, 2022: Upon returning from hearing, Client received the flash drive and laptop that was charged.  Client was soon called to Medical and sent to the hole.
- February 18, 2022 - Present: Client in 24-hour lockdown with no access to discovery.
- February 21, 2022 - Present: Litigation Unit and General Counsel indicate that Mr. Brown has access to discovery; meantime, Mr. Brown is in lock down with no access to discovery.

In short, since his turn in on September 7, 2021, Mr. Brown has been unable to review the first category of electronic discovery, despite following all of the recommended steps.

Regarding the second category of electronic discovery—information produced through evidence.com—the Government recently informed the Court:

> Through an unprecedented collaboration among the government, FPD, FPD's National Litigation Support Team ("NLST"), American Prison Data Systems ("APDS"), the DOC, and Axon Enterprise, Inc. ("Axon"), as of February 2, 2022, a separate, stand-alone instance of evidence.com has been made available to allow in-custody Capitol Siege defendants who are pending trial to view video footage.

(ECF No. 67, at p. 4.)  To-date this option is not available to Mr. Brown, and he no longer possesses his Education Tablet through which he was supposed to be able to review this evidence.

These issues were noted by counsel during the February 18, 2022, status conference with the Court.  As noted in the bulletized list above, Mr. Brown was removed from his cell shortly after returning from this hearing, and he has been in 24-hour isolation since that time.  Regardless of why the CTF took these steps—whether out of retaliation or legitimate safety concerns—this means that Mr. Brown continues to be denied access to both the specific and general discovery that has been promised to him.  This matter is scheduled for trial starting on November 1, 2022.

## ARGUMENT

A "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  Additionally, the initial decision requiring

detention may be reopened if there are "changed circumstances" or new information. 18 U.S.C. § 3142(f).

The Government recognizes the fundamental role that a defendant plays at this pre-trial stage:

> As defendants are in a better position to determine what evidence they believe is exculpatory and will help in their defense, we maintain that our plan – to provide the defense with all data that may contain such information, but in a manner that will facilitate search, retrieval, sorting, and management of that information – continues to be reasonable and appropriate.

(ECF. No. 67 at 16.)  And the Government has represented to the Court that it has developed numerous processes and procedures that will allow January 6 defendants to review relevant discovery.  (ECF No. 67, at pp. 4, 12.)  The CTF has represented that these processes and procedures are being followed.

Yet Mr. Brown has not been able to review relevant discovery, and it appears that he has been put in a lock-down status after these issues were raised with this Court on February 18, 2022.  Regardless of the reason that he has been denied access and the regardless of the reason that Mr. Brown has been locked down since his hearing, the result is the same.[1]

This violates Mr. Brown's Fifth Amendment Due Process rights, while frustrating his right to competent counsel under the Sixth Amendment as counsel is not able to meaningfully consult, advise, and plan a defense.  This also effectively denies Defendant's Sixth Amendment right to Speedy Trial, as counsel and Defendant are unable to discuss and consider motions, plea discussions, trial strategy, or possible sentencing considerations—therefore, counsel and

---

[1] While the timing of Mr. Brown getting locked down shortly after the February 18, 2022, hearing is suspect, the purpose and intent of CTF officials—whatever it may be—does not change the result.  Mr. Brown is being denied access to discovery and his ability to meaningfully exercise his constitutional rights.  Counsel does not want to imply that the purpose and intent matter for purposes of deciding this Motion.

Defendant are not in a position to make an informed decision regarding whether to demand speedy trial or whether to waive this right.  See, e.g., *Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001) (a prison violates the Sixth Amendment when it "unreasonabl[y] interfere[s] with the accused person's ability to consult counsel.").

Whether the Court considers the requested relief appropriate under 18 U.S.C. § 3142(i) or as changed circumstances under 18 U.S.C. § 3142(f), pre-trial release is appropriate as Mr. Brown cannot meaningfully contribute to his defense, receive and review discovery material, and fully exercise his Fifth and Sixth Amendment rights to due process, speedy trial, and counsel.

## CONCLUSION

Wherefore, Defendant Jeffrey Brown respectfully requests that the Court reconsider his bond status and order his release pending trial.

Respectfully submitted,

Jeffrey S. Brown
By Counsel

/s/ *Samuel C. Moore*
Samuel C. Moore
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506
Alexandria, Virginia 22314
(703) 535-7809
Fax: (571) 223-5234
scmoore@scmoorelaw.com
*Counsel for Jeffrey Brown*

6

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendant Jeffrey Brown's Motion to Reconsider Bond Status was served upon counsel of record through ECF on the date of filing.

/s/ *Samuel C. Moore*
Samuel C. Moore
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506
Alexandria, Virginia 22314
(703) 535-7809
Fax: (571) 223-5234
scmoore@scmoorelaw.com
*Counsel for Jeffrey Brown*

4871-6286-6448, v. 1