IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| | : Case No. 1:21-CR-00178 (APM) |
| v. | : |
| | : |
| **PETER J. SCHWARTZ,** | : |
| | : |
| Defendant. | : |
| | : |

## DEFENDANT PETER J. SCHWARTZ'S MOTION TO RECONSIDER BOND STATUS AND RELEASE PENDING TRIAL

Defendant Peter J. Schwartz ("Mr. Schwartz"), by and through undersigned counsel, respectfully requests that this Court reconsider his bond status and order his release pending trial pursuant to 18 U.S.C. § 3142 because of the ongoing due process violations at the Correctional Treatment Facility (CTF) for the ongoing frustration of Mr. Schwartz's ability to meaningfully contribute to his defense, receive and review discovery material, and fully exercise his Fifth and Sixth Amendment rights to due process, speedy trial, and counsel.

In support thereof, Mr. Schwartz states as follows:

### BACKGROUND

On February 4, 2022, Mr. Schwartz was arrested in his home in Uniontown, Pennsylvania, on an arrest warrant issued by the United States District Court for Western District of Pennsylvania. In a Superseding Indictment, Mr. Schwartz has been charged with three counts of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b), and one count of Aiding and Abetting, in violation of 18 U.S.C. § 111(a)(2); one count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); one count of Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C.

§ 1512(c)(2); one count of Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); one count of Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); one count of Disorderly Conduct in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(D); and one count of Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

On February 4, 2021, Mr. Schwartz had his initial appearance in the Western District of Pennsylvania, and the Government moved for detention. Following a detention hearing on February 10, 2021, Magistrate Judge Lisa Pupo Lenihan granted the Government's motion for Mr. Schwartz's detention pending trial. Mr. Schwartz was committed to and transferred to the District of Columbia.

Undersigned counsel filed his notice of appearance in this case on December 6, 2021. Since then, undersigned counsel has attempted to provide electronic discovery to Mr. Schwartz through various prescribed methods. There are two categories of electronic discovery at issue: (1) the more narrowly focused discovery that the Government used for the Grand Jury, which shows some of Mr. Schwartz's actions at the time of the alleged conduct; and (2) the broader discovery trove that the Government is producing through evidence.com, which relates to the general facts of the incident and are relevant to both plea discussions and trial preparation.

For the first category, the CTF initially advised that a CD or USB drive must be mailed to the CTF, and that a laptop will then be provided to Mr. Schwartz. The CTF specifically stated that USB drives could not be hand delivered. When undersigned counsel mailed a USB drive to the CTF and Mr. Schwartz did not receive it, undersigned counsel sent an e-mail to Deputy

Warden Michelle Wilson at the CTF inquiring about the transfer of the USB drive, that was shown to have been delivered at the CTF on January 26, 2022, to Mr. Schwartz. Deputy Warden Wilson advised that such devices cannot be mailed as they would be considered contraband. Additionally, she advised that these devices are useless without a laptop for viewing and that Mr. Schwartz would need to be placed on a waiting list for a computer. In her reply, Deputy Warden Wilson attached instructions regarding the procedure for voluminous or electronic evidence review. Notably, the procedure, which was dated March 15, 2021, states that there was currently a several week's long waitlist to review evidence on laptops, and that there was no guarantee that inmates will review any and/or all evidence provided. The procedure is attached hereto as Exhibit "A".

Undersigned counsel then contacted the Department of Corrections Litigation Support Unit and replied to Deputy Warden Wilson's e-mail, inquiring about the whereabouts of the USB drive which was previously mailed and requesting that that USB drive be transferred to the Litigation Support Unit to expedite Mr. Schwartz's access to his discovery. Deputy Warden Wilson did not respond to this e-mail and the Litigation Support Unit stated that no items have been confiscated from Mr. Schwartz in the mail room of the CTF and that a new USB drive must be hand delivered to them. On February 23, 2022, undersigned counsel hand delivered a new USB drive at the CTF. As of the date of the filing of this Motion, Mr. Schwartz has not received the USB drive and has not been granted access to a laptop.

Undersigned counsel noted these issues during the February 18, 2022, status conference with the Court. Mr. Schwartz is currently in 24-hour isolation, and it is unclear when he will be granted access to view his discovery, if at all. This matter is currently scheduled for trial starting on November 1, 2022.

**ARGUMENT**

A "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).  Additionally, the initial decision requiring detention may be reopened if there are "changed circumstances" or new information. 18 U.S.C. § 3142(f).

The Government recognizes the fundamental role that a defendant plays at this pre-trial stage:

> As defendants are in a better position to determine what evidence they believe is exculpatory and will help in their defense, we maintain that our plan—to provide the defense with all data that may contain such information, but in a manner that will facilitate search, retrieval, sorting, and management of that information—continues to be reasonable and appropriate.

(ECF. No. 67 at 16).  Further, the Government has represented to the Court that it has developed numerous processes and procedures that will allow January 6 defendants to review relevant discovery. (ECF No. 67 at 4, 12).

Nevertheless, Mr. Schwartz has not been able to review relevant discovery in violation of his Fifth Amendment Due Process rights, which further violates his right to competent counsel under the Sixth Amendment as counsel is not able to meaningfully consult, advise, and plan a defense.  This also effectively denies Mr. Schwartz' Sixth Amendment right to Speedy Trial, as he is unable to discuss with counsel and consider motions, plea discussions, trial strategy, or possible sentencing considerations—therefore, counsel and Mr. Schwartz are not in a position to make an informed decision regarding whether to demand speedy trial or whether to waive this right. S*ee, e.g., Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001) (a prison violates the Sixth

Amendment when it "unreasonabl[y] interfere[s] with the accused person's ability to consult counsel.").

The Government has suggested that Mr. Schwartz be provided with documentary evidence in paper form and noted his ability to access evidence.com. The key evidence in this case is the video evidence concerning Mr. Schwartz's specific case. This evidence does not exist in documentary form, and evidence.com does not provide case specific evidence. Mr. Schwartz can only meaningfully participate in his defense if he can view the alleged videos of his actions. Unfortunately, he is being prevented from seeing this evidence by the Government. With one hand, the Government provides discovery to defense counsel; with another, it prevents defense counsel from receiving it.

Whether the Court considers the requested relief appropriate under 18 U.S.C. § 3142(i) or as changed circumstances under 18 U.S.C. § 3142(f), pre-trial release is appropriate as Mr. Schwartz cannot meaningfully contribute to his defense, receive and review discovery material, and fully exercise his Fifth and Sixth Amendment rights to due process, speedy trial, and counsel. In the alternative, Mr. Schwartz requests that the Government be barred from introducing at trial any of the evidence which has been withheld from Mr. Schwartz.

## CONCLUSION

Wherefore, Defendant Peter Schwartz respectfully requests that the Court reconsider his bond status and order his release pending trial. Alternatively, Mr. Schwartz respectfully requests that the Government be barred from introducing at trial any evidence which has not been made available to Mr. Schwartz.

Respectfully Submitted,

/s/ Dennis E. Boyle
Dennis E. Boyle, Esquire

>Blerina Jasari, Esquire
>Boyle & Jasari
>1050 Connecticut Ave, Suite 500
>Washington, D.C., 20036
>Email: dboyle@dennisboylelegal.com
>           bjasari@dennisboylelegal.com
>Phone: (202) 430-1900
>
>*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 1st day of March 2022, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send an electronic notification of such filing to all counsel of record.

                                            */s/ Dennis E. Boyle*
                                            Dennis E. Boyle, Esquire