**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

|                              |   |                           |
|------------------------------|---|---------------------------|
|                              | : |                           |
| **UNITED STATES OF AMERICA** | : |                           |
|                              | : |                           |
| v.                           | : | **Case No. 21-CR-178 (APM)** |
|                              | : |                           |
| **PETER J. SCHWARTZ,**       | : |                           |
|                              | : |                           |
| **Defendant.**               | : |                           |

<u>**DEFENDANT PETER SCHWARTZ'S MOTION TO SEVER**</u>

Defendant Peter J. Schwartz ("Mr. Schwartz"), by and through undersigned counsel, and pursuant to Rules 8(b) and 14(a) of the Federal Rules of Criminal Procedure, respectfully moves to sever his trial from that of his co-defendants for the reasons set forth below.

## I.       INTRODUCTION

Mr. Schwartz moves to sever his trial from that of his co-defendants, Jeffrey Scott Brown ("Mr. Brown") and Markus Maly ("Mr. Maly"). *See* Fed. R. Crim. P. 14(a). Mr. Schwartz bases this motion on the applicable law in combination with two important facts: first, there is no overlap of any of the defendants or the victims, and there is no nexus between the alleged offenses; and second, joinder in this case is highly prejudicial because it would allow evidence of acts unrelated to Mr. Schwartz to be admitted into evidence against him.

## II.      FACTUAL BACKGROUND

On January 6, 2021, Mr. Schwartz travelled to Washington, D.C., with his wife, Shelley Stallings, to attend a protest in support of former President Donald J. Trump. He was one of thousands of individuals who then walked to the U.S. Capitol after Trump issued a call to action. On February 2, 2022, Mr. Schwartz was arrested in his home in Uniontown, Pennsylvania, on an arrest warrant issued by the United States District Court for Western District of Pennsylvania. In

a Second Superseding Indictment, Mr. Schwartz has been charged with three counts of

Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of

18 U.S.C. § 111(a)(1) and (b) (Counts One, Three, and Four); one count of Civil Disorder, in

violation of 18 U.S.C. § 231(a)(3) (Count Two); one count of Assaulting, Resisting, or Impeding

Certain Officers Using a Dangerous Weapon and Aiding and Abetting, in violation of 18 U.S.C.

§ 111(a)(1) and (b) and 2 (Count Seven); one Count of Obstruction of an Official Proceeding and

Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2 (Count Eight); one count of

Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous

Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count Nine); one count of

Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or

Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count Ten); one count

of Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or

Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Count Eleven); one

count of Disorderly Conduct in the Capitol Grounds or Buildings, in violation of 40 U.S.C. §

5104(e)(2)(D) (Count Twelve); and one count of Act of Physical Violence in the Capitol

Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Thirteen). [ECF 63].

Mr. Schwartz is one of hundreds of individuals who have been charged with offenses

related to the events on January 6, 2021.  Mr. Schwartz and his co-defendants, Mr. Brown and

Mr. Maly, did not know each other prior to the events on January 6, 2021, and now only know of

each other due to the Second Superseding Indictment in this case.  They traveled to Washington,

D.C., separately and the government has not produced any phone calls, text messages, e-mails or

other communications between Mr. Schwartz, Mr. Brown or Mr. Maly which would show any

coordination between the three during their travels to the District of Columbia or the riots that ensued on January 6th.

The only connection between Mr. Schwartz, Mr. Brown and Mr. Maly are the fact that they were in Washington, D.C., on January 6th, and they were named as co-defendants in the Second Superseding Indictment.  Counts Two, Seven and Nine thru Thirteen of the Second Superseding Indictment name Mr. Schwartz, Mr. Brown and Mr. Maly; however, it does not allege a conspiracy or any other nexus between these three men.

On February 4, 2021, Mr. Schwartz had his initial appearance in the Western District of Pennsylvania.  Subsequently, Mr. Schwartz was committed to and transferred to the District of Columbia.

## III.      ARGUMENT

Rule 14(a) of the Federal Rules of Criminal Procedure gives a district court discretion in ordering separate trials of counts or severing the defendants' trials if the joinder of offenses "appears to prejudice a defendant or the government".

### 1.      There is no Nexus Between the Defendants.

Joinder is permissible when the defendants are charged with participating "in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. Proc. R. 8(b).  However, under Rule 8(b), "multiple defendants may be joined only if a sufficient nexus exists between the defendants and the single or multiple acts or transactions charged as offenses." *United States v. Davidson*, 936 F.2d 856, 861 (6th Cir. 1991) (*citing United States v. Johnson*, 763 F.2d 773, 775 (6th Cir. 1985)).

"Where the only nexus between two defendants joined for trial is their participation in similar offenses, on different dates, with [a] common third defendant, the 'same transaction' or

'series of transactions' test of Rule 8(b) is not satisfied and joinder is impermissible." *United States v. Whitehead*, 539 F.2d 1023, 1026 (4th Cir. 1976); *see also Ingram v. United States*, 272 F.2d 567, 570 (4th Cir. 1959) ("[D]ifferent, unconnected offenses not arising out of the same series of transactions may not be joined in an indictment in which two or more defendants are charged.").

"Charges against multiple defendants may not be joined merely because they are similar in character, and even dissimilar charges may be joined against multiple defendants if they arise out of the same series of transactions constituting an offense." *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977).

Mr. Schwartz, Mr. Brown and Mr. Maly did not collaborate in any fashion on, before or after January 6, 2021.  Indeed, they did not know each other and there is no evidence which suggests otherwise.  The fact that the government has not charged them with a conspiracy count shows that it agrees that there is no nexus between Mr. Schwartz, Mr. Brown and Mr. Maly.  There were also no allegations that the offenses were committed to achieve a specific common end or goal.

The fact that Mr. Schwartz, Mr. Brown and Mr. Maly were at the U.S. Capitol on January 6, alongside thousands of other individuals, is simply not sufficient nexus for a joinder.

### 2.    A Joinder would Prejudice Mr. Schwartz.

Even if joinder is proper under Rule 8, "Rule 14 provides that a severance may be granted 'if it appears that a defendant or the government is prejudiced by a joinder of offenses.'" *United States v. Foutz*, 540 F.2d 733, 735-736 (4th Cir. 1976) (*citing* Fed. R. Crim. Proc. R. 14(a) (9"[i]f the joinder of offenses ... appears to prejudice a defendant ... the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice

requires.")).  A defendant would be entitled to severance under Rule 14 when there is a "serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Zafiro*, 506 U.S. 534, 539 (1993).  In short, in some circumstances, a codefendant's misbehavior can be so extreme as to give rise to prejudice that cannot be mitigated by curative instructions. Hence, either a mistrial or severance would be required. *See, e.g., United States v. Mannie*, 509 F.3d 851, 857 (7th Cir. 2007) (prejudice warranting mistrial resulted from a jury's exposure to a codefendant "garbed in prison attire verbally assaulting his attorneys, a campaign of intimidation by members of the gallery, [and] a violent courtroom brawl").

Joinder in this case is highly prejudicial because it may allow evidence of acts unrelated to Mr. Schwartz to be admitted into evidence against him. *See United States v. Foutz*, 540 F.2d 733, 735-736 (4th Cir. 1976); *see also Zafiro v. United States*, 506 U.S. 534, 539 (1993) (a district court should grant severance "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.").

At trial, the government will likely present evidence against Mr. Brown which shows that he had multiple cans of pepper spray, a taser, a baseball bat with the words "Tire Striker" on the side, a bow and arrows, and a receipt for bear spray, ammunition and zip ties in his home and in his vehicle.  Furthermore, Mr. Brown has allegedly participated in an encrypted messaging group of "able-bodied individuals" who were coming to Washington, D.C. "ready and willing to fight".

Additionally, the government may introduce evidence related to a public disturbance which Mr. Brown was involved in.  Specifically, a publicly available video from 2020 shows Mr.

Brown inside a Costco store in Tustin, California, where he is standing on a table, with a megaphone in his hand and yelling about the state's COVID-19 restrictions.

Similarly, Mr. Maly engaged in social media posts and comments extensively where he spoke about how "fun" the riots were and admitted to stealing a riot shield from Capitol Police officers. He also posted multiple photos and videos from January 6th.

This evidence against Mr. Brown and Mr. Maly would not be admissible against Mr. Schwartz in a separate trial. Mr. Schwartz did not make any prior calls to action on social media platforms or anywhere else, he has never rallied anyone to action against the government, and he did not engage in any organization or planning in anticipation of the January 6th events. Mr. Schwartz merely travelled to Washington, D.C., with his wife to attend a protest in support of former President Donald J. Trump and any events which followed, and which may implicate Mr. Schwartz in any way were spontaneous and unplanned. Any evidence against Mr. Brown and Mr. Maly which would be introduced at trial would be highly prejudicial to Mr. Schwartz.

Furthermore, it must be noted that neither Mr. Brown nor Mr. Maly were charged with Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. § 1512(c)(2) and 2.

Finally, there would be no judicial economy or efficiency in trying all counts together because it does not appear that any of the evidence relevant to Mr. Brown and Mr. Maly would be relevant to Mr. Schwartz. Under these circumstances, severance is clearly required to avoid undue prejudice to Mr. Schwartz and to avoid undermining his defense strategy as it may conflict with the defense strategy counsel for Mr. Brown and Mr. Maly may present on behalf of their clients. *United States v. Hawkins*, 776 F.3d 200, 207 (4th Cir.) (*citing Bruton v. United States*,

391 U.S. 123, 131 n.6 ("An important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence.").

## CONCLUSION

WHEREFORE, based upon the foregoing, Defendant Peter J. Schwartz respectfully requests that this Honorable Court will grant his motion for severance and issue a Scheduling Order for trial.

Respectfully submitted,


/s/ Dennis E. Boyle
Dennis E. Boyle
Blerina Jasari
Boyle & Jasari
1050 Connecticut Ave, NW
Suite 500
Washington, DC 20036
dboyle@dennisboylelegal.com
bjasari@dennisboylelegal.com
Telephone: (202) 430-1900

*Counsel for Defendant Peter J. Schwartz*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of August 2022, I electronically filed the foregoing document with the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Dennis E. Boyle
Dennis E. Boyle