**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-CR-178 (APM) |
| | : | |
| JEFFREY BROWN, | : | |
| Defendant. | : | |
| | : | |

<u>**DEFENDANT JEFFREY BROWN'S**</u>
<u>**MOTION TO SEVER**</u>

COMES NOW the Defendant, Jeffrey Brown, through counsel, and respectfully moves this Court to Sever his trial from that of his Co-Defendants pursuant to Rule 8(b), 12(b)(D), and 14(a) of the Federal Rules of Criminal Procedure.

<u>**Background**</u>

The Washington, D.C., protests on January 6, 2021, were unprecedented—in the scope of the physical incursion into the transition of power that day, and as in the subsequent investigations, media coverage, and political discourse that continues unabated.  Mr. Brown was one of the thousands of individuals who attended the political rallies on January 6, 2021, in exercise of his First Amendment right and privilege to protest, to speak out about voting rights, and to otherwise draw attention to political issues of concern to him.

He traveled to the capital based on his heartfelt concern for the future of this country, and his concern that certain grievances were not being heard or considered by public figures, the media, and the larger public who may not be aware of these matters.  He did not travel with a malevolent heart or with broader designs on violence, destruction, or criminal mischief.  His single social media post documented his travel by posting a picture of himself—while boarding a plane on the way to Washington, D.C.— with the message, "Boarding LAX."

He did not coordinate with criminal conspirators, he did not plan with or fall under the leadership of political groups—such as the Proud Boys, Oath Keepers, or other fringe political groups—he did not bring a weapon, armor, or any other instrument or tool suggesting force or violence. He simply traveled to the capital to be a part of a larger political expression that he believed was important.

In spite of these intentions, events of the day spiraled beyond all expectations, and Mr. Brown eventually found himself swept up closer into the protesting crowd outside the Capitol. Based on his alleged actions that day, the Government arrested Mr. Brown in October of 2021 at his residence in California on a criminal complaint alleging Inflicting Bodily Injury on Certain Officers (18 U.S.C. § 111(a) and (b)); Civil Disorder (18 U.S.C. § 231(a)(3)); Entering and Remaining in a Restricted Building or Grounds, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, and Engaging in Physical Violence in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(1), (2), and (4)); Disorderly Conduct on Capitol Grounds, Impeding Passage Through the Capitol Grounds or Buildings, and an Act of Physical Violence in the Capitol Grounds or Buildings (40 U.S.C. § 5104(e)(2)(D), (E), and (F)). (ECF No. 1.) Superseding indictments followed, alleging substantially the same claims. (ECF No. 42, 63.)

The Government alleges various offenses related to Mr. Brown's action near the Capitol on January 6, 2021; the most serious claim is that he injured law enforcement by using pepper spray. While this claim is a matter of factual dispute, it is clearly the most serious allegation as Mr. Brown did not otherwise enter the Capitol building, did not destroy property, and did not engage in any other alleged physical acts of violence.

The Second Superseding Indictment alleges thirteen Counts, only seven of which apply to Mr. Brown. (ECF No. 63.) The Government has additionally charged three co-defendants—

Peter J. Schwartz, Markus Maly, and Shelly Stallings—in the Second Superseding Indictment with many of the same Counts, and many additional Counts that do not apply to Mr. Brown. No conspiracy is alleged, and the Defendants do not know each other.  Because of the prejudice and lack of nexus, Mr. Brown respectfully requests relief from the prejudicial joinder of these Co-Defendants.

**Argument**

**A.      Relief from Prejudicial Joinder.**

Rule 8(b) of the Federal Rules of Criminal Procedure permits Joinder where the co-defendants are charged "in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Rule 14 of the Federal Rules of Criminal Procedure provides for judicial relief from prejudicial joinder:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice require.

Severance is warranted where there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539 (1993).  District courts should, in their discretion, order separate trials where joinder appears to prejudice a defendant. *United States v. Straker*, 800 F.3d 570, 626 (D.C. Cir. 2015).

**B.      Prejudice to Mr. Brown.**

There is no nexus between the parties, they do not know each other previously, they did not plan or coordinate their actions on January 6, and they did not conspire.  Joining Mr. Brown's case together whether that of Mr. Maly and Mr. Schwartz—as Ms. Stallings appears to have entered a plea—will prejudice Mr. Brown because the jury will hear evidence regarding

Mr. Schwartz's alleged assault on law enforcement with a chair (Count I), and use of pepper spray on law enforcement (Count III and IV), which were all independent and unrelated to Mr. Brown and his alleged acts.  Similarly, the jury will hear evidence of Mr. Maly's alleged use of pepper spray on law enforcement (Count V), which did not involve or have a nexus to Mr. Brown.

More concerning, Count VIII charges Mr. Schwartz with Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. § 1512(c)(2) and 2.  The overly broad and ambiguous nature of this criminal statute as alleged creates two problems for Mr. Brown.  First, it potentially allows the Government to present a far broader scope of evidence related to Mr. Schwartz, January 6, and other tenuously connected allegations and claims that can only serve to prejudice Mr. Brown since he does not also face this claim.

Second, the broad and ambiguous scope of the allegation under this statute means it is nearly impossible for Mr. Brown to predict and be prepared to counter the arguments and evidence that may be used used at trial by the Government related to Count VIII.  And since the Count is not against him, Mr. Brown has no recourse through a request for a Bill of Particulars or other potential relief from the Government.  Mr. Brown will therefore be left to the whim of the Government as it relates to this charged conduct regarding Mr. Schwartz, which will prejudicially impact Mr. Brown.

## <u>Conclusion</u>

Because the Co-Defendants are not charged with the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses, and because Joinder would prejudice Mr. Brown, Defendant respectfully requests that the Court sever his trial.

4

Date: August 30, 2022                    Respectfully submitted,

                                         Jeffrey S. Brown
                                         By Counsel


/s/ *Samuel C. Moore*
Samuel C. Moore
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506
Alexandria, Virginia 22314
Phone: (703) 535-7809
Fax: (571) 223-5234
scmoore@scmoorelaw.com
*Counsel for Jeffrey Brown*


# CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Motion to Sever was served upon counsel of

record through ECF on the date of filing.


                                         /s/ *Samuel C. Moore*
                                         Samuel C. Moore
                                         Law Office of Samuel C. Moore, PLLC
                                         526 King Street, Suite 506
                                         Alexandria, Virginia 22314
                                         Phone: (703) 535-7809
                                         Fax: (571) 223-5234
                                         scmoore@scmoorelaw.com
                                         *Counsel for Jeffrey Brown*