IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 21-CR-178 (APM) |
| PETER J. SCHWARTZ, | : |
| Defendant. | : |

### DEFENDANT PETER SCHWARTZ'S REPLY IN SUPPORT OF MOTION FOR CHANGE OF VENUE

Defendant Peter J. Schwartz ("Mr. Schwartz"), by and through undersigned counsel, respectfully submits this Reply to the government's Opposition to Mr. Schwartz's Motion to change venue. As set forth in detail in his motion, Mr. Schwartz would face great prejudice if the case was tried in the District of Columbia. In its opposition, the government opposes both the transfer and a questionnaire. The venue should be changed due to the District's characteristics, the still-fresh events of January 6, 2021, that will frame the trial, and media coverage of these events.

If denied, the Court should allow a questionnaire to be presented to possible jurors in order to create a fair and impartial jury. Though the government's response emphasizes the effectiveness of "a careful voir dire", *see* Opp. at 10, it opposes a tool—a jury questionnaire—that, if the case were to remain in this District, would enhance the focus and efficiency of formal voir dire. A written questionnaire would help to identify juror prejudice and conserve time for the parties and the Court itself, and the government offers no reason to disallow it, arguing only that it is unnecessary. *Id.* at 28-29.

1

I.      ARGUMENT

      1.     **The Pretrial Publicity Related to January 6 Supports a Presumption of Prejudice.**

There are compelling reasons to presume prejudice in this case and transfer the proceedings to another district. In arguing that there are not, and that Mr. Schwartz's contentions lack merit, the government misapprehends several of those contentions. As Mr. Schwartz's motion explains, the government has accused him of trying to prevent the certification of President Biden's Electoral College victory, which more than 92 percent of D.C. voters favored in 2020. That accusation naturally heightens the prejudice against Mr. Schwartz's defense in this District.

Importantly, President Biden's margin of victory in the District is just one of several data points discussed in Mr. Schwartz's argument as to why the Court should presume prejudice and transfer venue. This argument is firmly rooted in the Fifth and Sixth Amendments' guarantee of a fair trial by an impartial jury, but the government's response reduces it to a caricature: a claim that Democratic voters will be hopelessly biased. *See* Opp. at 13 ("This Court should not presume that every member of a particular political party is biased simply because this case has a political connection."). The caricature is inaccurate, and Mr. Schwartz asks the Court to consider the presumptive prejudice argument as his motion presents it, not through the government's lens.

The government's fundamental misunderstanding of the argument pervades its response in strained analogies to other politically charged cases. For example, in *United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976) (*en banc*), cited in Opp. at 13–14, defendants argued that pretrial publicity and jurors' partisan political identifications meant they could not fairly determine whether the defendants participated in the Watergate cover-up. 559 F.2d at 59–64. That, the government asserts, is "nearly identical" to Mr. Schwartz's argument for presumed

2

prejudice. *See id.* at 13.  But the two are actually quite different.  In *Haldeman*, the government's case required the jury to synthesize approximately 2½ months of testimony, *see* 559 F.2d at 82, 130 n.284, about what the defendants knew, when they knew it, and what they did about it. *See generally Haldeman*, 559 F.2d at 31.  Here, the facts about Mr. Schwartz's conduct are comparatively simple, and they likely will be undisputed in many respects, leaving jurors with a Rorschach test about his knowledge and intent.  That is not remotely "identical" to the concern about prejudice in *Haldeman*, where jurors could draw from an exhaustive trial record rather than rely on intuition to assess a defendant's intent, *see* 559 F.2d at 112–19.

In other ways, too, the government's response parodies Mr. Schwartz's position and, as a result, misses the point.

- Mr. Schwartz does not "argu[e] that poll percentages . . . decide the question of a presumption of prejudice," Opp. at 16 (*quoting In re Tsarnaev*, 780 F.3d 14, 23 (1st Cir. 2015) (*per curiam*)).  But polling about prospective jurors' preexisting opinions certainly reveals prejudice more clearly than speculation, which is the only alternative at this stage.  And as Mr. Schwartz's motion explains, in polling about January 6th prosecutions "[r]espondents in this District . . . were much more convinced of defendants' guilt and much less ambivalent in their answers" than those from a comparator district, the Northern District of Georgia.  That fact obviously "weigh[s] . . . in favor of presumed prejudice," even if it does not on its own "decide the question," *Tsarnaev*, 780 F.3d at 23.

- Mr. Schwartz does not "argue[] that prejudice should be presumed based on statements by the Vice President." Opp. at 9.  Rather, his motion notes that the government has accused him of participating in "events . . . that have been ascribed once-in-a-generation infamy," and quotes remarks by Vice President Harris while adding that she "was hardly the first" to make that ascription.  The Court should weigh the extent and tenor of pretrial media coverage in deciding whether prejudice ought to be presumed. *Skilling v. United States*, 561 U.S. 358, 382–83 (2010).

- The Government tries to diminish the precedent of *Rideau v. Louisiana*, 373 U.S. 723 (1963) stating that since *Rideau*, the Supreme Court has emphasized that a "presumption of prejudice . . . attends only the extreme case," *Skilling*, 561 U.S. at 381. Opp. at 6.  This case is the extreme case the court was mentioning in *Skilling*.  Like in *Rideau*, the attacks on the Capital Building were televised as the confession was, however the difference is that only tens of thousands of people saw and heard the confession, but here it is likely the entire District saw and heard the news regarding the January 6th events.

3

In short, the government's arguments should fail. For the reasons stated in Mr. Schwartz's motion, prejudice should be presumed, and the proceedings transferred to another district where he can receive a fair trial by an impartial jury.

### 2. A Jury Questionnaire Is Necessary in This Case

The government's response extols questioning of jurors as an effective tool to determine "whether individual prospective jurors have . . . disqualifying biases," Opp. at 13. It refers to voir dire 43 times in arguing against a venue transfer. *See id*. at 4–30. Despite that, the government opposes a jury questionnaire, *id*. at 28-29, a device that would be deployed under the Court's supervision and would undoubtedly advance and streamline the task of ferreting out prospective jurors' disqualifying biases.

Mr. Schwartz agrees with the government that voir dire is an essential tool to guard against juror prejudice. But he disagrees with its rigid insistence that all questioning be in person. *See* Opp. at 29. If the government is right that it is possible to pick an impartial jury in this District, *see id.* at 19-20, then searching voir dire would be crucial to the task. Without a questionnaire, voir dire would needlessly start from scratch.

A jury questionnaire would allow formal voir dire to be more focused in substance and more efficient for all involved. Accordingly, if the Court does not transfer the trial to another district, then Mr. Schwartz respectfully submits it should grant the request for a jury questionnaire.

## II. CONCLUSION

Based upon the foregoing and the reasons set forth in his motion, Defendant Peter J. Schwartz respectfully requests that this Honorable Court will grant his motion for change of venue.

Respectfully submitted,

/s/ Dennis E. Boyle
Dennis E. Boyle
Blerina Jasari
Boyle & Jasari
1050 Connecticut Ave, NW
Suite 500
Washington, DC 20036
dboyle@dennisboylelegal.com
bjasari@dennisboylelegal.com
Telephone: (202) 430-1900

*Counsel for Defendant Peter J. Schwartz*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 20th day of September 2022, I electronically filed the foregoing document with the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Dennis E. Boyle
Dennis E. Boyle
