IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-178 (APM) |
| | : |
| PETER J. SCHWARTZ, | : |
| | : |
| Defendant. | : |

**DEFENDANT PETER SCHWARTZ'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT EIGHT OF THE SECOND SUPERSEDING INDICTMENT**

Defendant Peter J. Schwartz ("Mr. Schwartz"), by and through undersigned counsel, respectfully submits this Reply in support of his motion to dismiss Count Eight of the Second Superseding Indictment, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure. Mr. Schwartz allegedly used a "deadly or dangerous weapon" and interfered with a law enforcement officer during a "civil disorder," § 231(a)(3), and, in connection therewith he allegedly "corruptly obstructed" an "official proceeding," *i.e.*, "Congress's certification of the Electoral College Vote," in violation of 18 U.S.C. § 1512(c)(2). The certification of an Electoral College Vote does not constitute an "official proceeding". Count Eight therefore fails to state an offense.

Additionally, Mr. Schwartz's conduct does not fall within the scope of Section 1512(c)(2). Even if the certification of an Electoral College Vote does constitute an "official proceeding" under 18 U.S.C. § 1512(c)(2), Mr. Schwartz's actions did not violate the statute. Mr. Schwartz's actions alleged in the Second Superseding Indictment do not align with the plain meaning of Section 1512, nor the legislative intent of the statute.

1

I.      ARGUMENT

   1.      **The Certification of an Electoral College Vote is not an official proceeding.**

The government, in its Response, does the very thing the court in *United States v. Ermoian*, 753 F.3d 1165 (9th Cir. 2013) cautioned against and relies upon a lay understanding, rather than a legal understanding, of the term "proceeding" as defined in 18 U.S.C. § 1515 and as used in 18 U.S.C. § 1512.  Indeed, under the government's lay interpretation of what constitutes an "official proceeding," the government could use Section 1512 to absurd ends to prosecute, as examples, any effort to corruptly obstruct action taken by the Congressional Award Board to give out an award, *see* 2 U.S.C. § 801, *et al.*, or a request for a report from the Congressional Budget Office for changing revenue conditions related to some legislation. *See* 2 U.S.C. § 602.

   Mr. Schwartz does not dispute the "formality" of the election certification proceedings or that it is a "solemn" occasion.  Nevertheless, the solemnity of an event does not necessarily equate with a "proceeding" related to the administration of justice.  A proceeding related to the administration of justice involves legal and congressional investigations and, often, determinations of whether certain conduct violated the law.  They can often result in evidence being gathered that might affect a person's life and liberty being taken away from them by subjecting them to a criminal indictment, a conviction, and, most importantly, imprisonment.

   Section 1512 was designed to protect against compromising those types of proceedings. As proof of the distinction, Congress did not, as it did in 40 U.S.C. § 5104, proscribe the conduct and make it only punishable by imprisonment of up to six years, *see* 40 U.S.C. § 5109; it made it where a person would be subject to imprisonment for up to twenty years. *See* 18 U.S.C. 1512(c). In other words, while Congress intended to prohibit conduct obstructing its business within the Capitol (which it plainly did in 40 U.S.C. § 5104), recognizing the impact of its judicial type of business when that business could result in a person being deprived of their life and liberty, it

2

chose to attach a much greater possible penalty to the corrupt obstruction of those proceedings in Section 1512. *Id*. This distinction, combined with (a) the plain meaning of the term "proceeding," (b) its use in the grammatical context of the "official proceeding" definition found in Section 1515, (c) the broader statutory context, (d) the legislative history, and even (e) the Department of Justice's own manual, all point to Section 1512's clear and intended purpose; to prohibit the corrupt obstruction of proceedings related to the administration of justice.  That the Second Superseding Indictment in this case does not allege that Mr. Schwartz obstructed such a proceeding, combined with the fact that the government cannot prove the same, requires that this Court dismiss Count Eight of the Second Superseding Indictment.

> 2. **Mr. Schwartz's actions do not constitute a violation of Section 1512.**

The government's interpretation of Section 1512(c)(2) raises unnecessarily complex questions. *See* Opp. at 15.  For example, if subsection (c)(2) reaches all acts that obstruct, influence, or impede a proceeding, it would overlap with the crime in subsection (d)(1) of harassing a person and thereby delaying or preventing a person from "attending or testifying in an official proceeding." 18 U.S.C. § 1512(d)(1).  Yet the latter offense has a statutory maximum sentence of three years, while subsection (c)(2) has a 20-year maximum.  The government does not explain how courts are supposed to decide when harassment is a three-year crime or when it is a 20-year one.

Furthermore, the Government appears to disagree with the fact that it is an essential element of the offense that the proceedings allegedly obstructed relate to the administration of justice. *See* Opp. at 8-9.  Several authorities support the fact that this is an essential element of the offense:

- Case law from other circuits that have interpreted the meaning of "official proceeding" as that term is defined in Section 1515, and used in Section 1512(c)(2), requiring that the proceeding obstructed relate to the administration of justice. *See United States v.*

    *Ermoian*, 752 F.3d 1165, 1171 (9th Cir. 2013); *United States v. Ramos*, 537 F.3d 439, 462–63 (5th Cir. 2008).

- Case law that has considered 18 U.S.C. § 1512 in various contexts related solely to the administration of justice. *See e.g., Arthur Andersen LLP v. United States*, 544 U.S. 696, 708 (2005); *United States v. Burge*, 711 F.3d 803, 809 (7th Cir. 2013); *United States v. Sampson*, 898 F.3d 287, 300 (2d Cir. 2018); *United States v. Young*, 916 F.3d 368, 386 (4th Cir.), *cert. denied,* 140 S. Ct. 113 (2019).

- The Department of Justice's own interpretation of Section 1512 reflected in their Criminal Resource Manual. *See* Criminal Resource Manual, CRM 1729, Department of Justice. (Section 1512 "proscribes conduct intended to illegitimately affect the presentation of evidence in Federal proceedings or the communication of information to Federal law enforcement officers.").

- Consideration of other surrounding statutory provisions in Chapter 73. *See NASDAQ Stock Mkt., LLC v. Sec. & Exch. Comm'n*, 961 F.3d 421, 426 (D.C. Cir. 2020) (*quoting Util. Air Regulatory Grp. v. E.P.A.*, 573 U.S. 302, 321 (2014)) ("A statutory provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme[,] because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.").

- The legislative history for the statute. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005) ("Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms."); SARBANES–OXLEY ACT OF 2002, Pub. L. No. 107-204, 116 Stat. 745; S. REP. NO. 107-146, at 2 (2002).

Everything about the prosecution of Mr. Schwartz for violating Section 1512(c)(2) as alleged in Count 3 flies in the face of all this.[1] On the other hand, no authority or precedent exists for what the government is attempting to do here. Indeed, no federal prosecutor has ever attempted

---

[1] Even if the Court "harbored any doubt about this — that is, [it] were [] unable to find 'an unambiguous intent on the part of Congress'" from all these authorities, the Court should "turn to the rule of lenity to resolve the dispute." *United States v. Villanueva-Sotelo*, 515 F.3d 1234, 1246 (D.C. Cir. 2008) (*quoting United States v. West*, 393 F.3d 1302, 1311 (D.C. Cir. 2005)); *see also Moskal v. United States*, 498 U.S. 103, 108 (1990) ("[W]e have always reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to 'the language and structure, legislative history, and motivating policies' of the statute."). The rule is "rooted in fundamental principles of due process which mandate that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited." *Dunn v. United States*, 442 U.S. 100, 112 (1979) (citations omitted).

to bring a prosecution against an individual under Section 1512(c)(2) for corruptly obstructing a legislative proceeding without witnesses. Of course, protests within the Capitol are not something new. While the events of January 6, 2021, were, in many ways, unprecedented, the nature of those events do not justify the government's unprecedented attempts to prosecute Mr. Schwartz for conduct which the statute was not intended to reach.

Count Eight of the Second Superseding Indictment should be dismissed.

## II.   CONCLUSION

Based upon the foregoing and the reasons set forth in his motion, Defendant Peter J. Schwartz respectfully requests that this Honorable Court will grant his motion to dismiss count eight of the Second Superseding Indictment.

Respectfully submitted,

/s/ Dennis E. Boyle
Dennis E. Boyle
Blerina Jasari
Boyle & Jasari
1050 Connecticut Ave, NW
Suite 500
Washington, DC 20036
dboyle@dennisboylelegal.com
bjasari@dennisboylelegal.com
Telephone: (202) 430-1900

*Counsel for Defendant Peter J. Schwartz*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of September 2022, I electronically filed the foregoing document with the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Dennis E. Boyle
Dennis E. Boyle