IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-178 (APM) |
| | : |
| PETER J. SCHWARTZ, | : |
| | : |
| Defendant. | : |

**DEFENDANT PETER SCHWARTZ'S REPLY IN SUPPORT OF MOTION TO SEVER**

Defendant Peter J. Schwartz ("Mr. Schwartz"), by and through undersigned counsel, respectfully submits this Reply to the Government's Opposition to Mr. Schwartz's Motion to sever his trial from that of his co-defendants, Jeffrey Scott Brown ("Mr. Brown") and Markus Maly ("Mr. Maly"). In its Opposition, the government contends that judicial resources would be wasted if two trials were allowed. However judicial resources do not outweigh the prejudice Mr. Schwartz would face if the cases were not severed.

Mr. Schwartz is one of hundreds of individuals who have been charged with offenses related to the events on January 6, 2021. Mr. Schwartz and his co-defendants did not know each other prior to the events on January 6, 2021, and now only know of each other due to the Second Superseding Indictment in this case.

**I.      ARGUMENT**

    **1.      There is No Nexus Between the Defendants.**

The government argues that "Schwartz, Brown, and Maly, *together with many dozens of others*, jointly attacked the vastly outnumbered police officers positioned at the rear of the tunnel on the second landing of the Lower West Terrace … of the Capitol Building". Opp. at 4 (emphasis added). However, the government has not charged these dozens of other individuals

in this case which further shows that it agrees that there is no nexus between Mr. Schwartz, Mr. Brown, Mr. Maly, or any of these other individuals.

In support of its contention, the government relies on *United States v. Slatten*, 865 F.3d 767 (D.C. Cir. 2017). *Id.* at 5.  The government correctly notes that the defendants in that case were members of a team of military contractors and travelled through Baghdad together before they began shooting at a Kia sedan. *Ibid.*  In our case, Mr. Schwartz, Mr. Brown and Mr. Maly were not members of any team or organized group and did not travel together.  In fact, they did not even know each other prior to the issuance of the indictment in this case.  Based on that fact alone, *Slatten* can be distinguished from this case.

The Government further argues that the fact that the co-defendants did not know each other is immaterial to a joinder in this case. *See* Opp. at 6.  Mr. Schwartz disagrees.  Mr. Schwartz, Mr. Brown and Mr. Maly may have been present in a same small space at the same time on January 6th, alongside "many dozens of others"; however, they did not act together, and they certainly did not act to achieve the same goal.  The three men have never even communicated with each other prior to, during or after January 6th.  It is impossible for them to formulate or even understand a common goal under these circumstances.

As set forth in detail in Mr. Schwartz's motion, the actual acts committed by Mr. Schwartz and his co-defendants are factually different.  The alleged conduct is only similar in that it took place in the same location and on the same date as that of his co-defendants.

**2.      Judicial Resources Do Not Outweigh the Prejudice Mr. Schwartz Would Face if Joinder Were Permitted.**

Joinder in this case is highly prejudicial because it would allow evidence of acts unrelated to Mr. Schwartz to be admitted into evidence against him. See *United States v. Foutz*, 540 F.2d 733, 735-736 (4th Cir. 1976).  There would be no judicial economy or efficiency in trying all

counts together because none of the evidence relevant to Mr. Brown and Mr. Maly would be relevant to Mr. Schwartz.  The Government contends that information pertaining to Mr. Brown and Mr. Maly would not be prejudicial to Mr. Schwartz because he allegedly engaged in other conduct which is unrelated to his co-defendants. *See* Opp. at 9-10.  Mr. Schwartz did not engage in any prior planning or organization, and he did not make any public comments about the events on January 6th on social media or anywhere else.  As such, evidence related to Mr. Brown's prior organization and planning and Mr. Maly's extensive post-January 6th social media posts would be prejudicial to Mr. Schwartz, regardless of the government's allegations that he "repeatedly spray[ed] officers with his own cannister of pepper spray" or "[threw] a chair at law enforcement." Opp. at 9.  Rather, the Government's argument further underscores the necessity for a severance because Mr. Schwartz, Mr. Brown and Mr. Maly engaged in different conduct prior to and during the January 6th events and evidence of each conduct would be prejudicial to all defendants.

Under these circumstances, severance is clearly required to avoid undue prejudice to Mr. Schwartz and to avoid undermining his defense strategy as it may conflict with the defense strategy counsel for Mr. Brown and Mr. Maly may present on behalf of their clients. *United States v. Hawkins*, 776 F.3d 200, 207 (4th Cir.); *see also U.S. v. Serpoosh*, 919 F.2d 835, 837-39 (2d Cir. 1990) (denial of severance abuse of discretion because co-defendants gave antagonistic and mutually exclusive explanations for their conduct, and judicial economy would not have been seriously frustrated by separate trials).

Furthermore, the government contends that "evidence regarding the rally on the Ellipse before the riot, the proceedings before the Joint Session of Congress to certify the Electoral Congress election, the security measures taken by U.S. Secret Service and U.S. Capitol Police,

and the actions of the mass of rioters who laid siege to the Capitol Building and then breached its defenses, will consume a substantial portion of the trial and is relevant to the charges against all three defendants." Opp. at 10-11.  In making this argument the government appears to intend to present evidence of the conduct of other individuals on January 6th and then to tar Mr. Schwartz with the conduct of what many other people unrelated to him did or attempted to do.  Mr. Schwartz will be filing a Motion *in Limine* in accordance with the Court-ordered schedule; however, for purposes of severance, its intended use of this evidence is not a relevant consideration.

None of this evidence is relevant to Mr. Schwartz's, specific conduct as alleged in the Second Superseding Indictment, and the government does not make any arguments as to the admissibility of such evidence beyond the conclusory statement that this evidence is admissible. The case against Mr. Schwartz should not be political a show trial designed to highlight the events of January 6th; rather, the trial should be directed at the conduct of Mr. Schwartz and the offenses with which he is charged.  The government could possibly present all of this evidence in a case against former President Trump and his allies if it opts to indict them, but when there is not a conspiracy charged and when there is no evidence of concerted action, the evidence of the misconduct of others is not admissible.

Finally, the government argues that the jury must decide whether a "civil disorder" occurred at the Capitol on January 6th. Opp. at 11-12.  Specifically, the government notes that "Schwartz was not acting alone or with a small group of rioters, but rather *with many others* when attacking the police lines." *Id.* at 12 (emphasis added).  While it is true that an individual must act with others to be convicted of engaging in a civil disorder, the focus of the statute is on the defendant's conduct, not the conduct of everyone else who may or may not have been

4

involved in a civil disorder.  The evidence against Mr. Schwartz is very limited and described by the government in the light most favorable to the government.  Stripped of hyperbole, the evidence against Mr. Swartz is very limited and could be presented in one day.  If it is as damning as the government suggests, the government should have no problem obtaining a conviction.  The jury, however, may view the evidence differently than the government does.

## II. CONCLUSION

Based upon the foregoing and the reasons set forth in his motion, Defendant Peter J. Schwartz respectfully requests that this Honorable Court will grant his motion to sever and issue a Scheduling Order for trial.

Respectfully submitted,

/s/ Dennis E. Boyle
Dennis E. Boyle
Blerina Jasari
Boyle & Jasari
1050 Connecticut Ave, NW
Suite 500
Washington, DC 20036
dboyle@dennisboylelegal.com
bjasari@dennisboylelegal.com
Telephone: (202) 430-1900

*Counsel for Defendant Peter J. Schwartz*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of September 2022, I electronically filed the foregoing document with the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Dennis E. Boyle
Dennis E. Boyle
