IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-178 (APM) |
| | : |
| PETER J. SCHWARTZ, | : |
| | : |
| Defendant. | : |

## DEFENDANT PETER SCHWARTZ'S REPLY IN SUPPORT OF MOTION TO SUPPRESS

Defendant Peter J. Schwartz ("Schwartz"), by and through undersigned counsel, respectfully submits this Reply to the government's Opposition to Mr. Schwartz's motion to suppress as evidence any records taken from his cell phone at trial. At the time of the search, the agents did not have a warrant for Mr. Schwartz's phone and Mr. Schwartz did not give permission to the agents to search his phone. The warrantless search and seizure of Mr. Schwartz's phone was unreasonable and illegal. As such, any evidence obtained as a result of this seizure must be suppressed.

**I.    ARGUMENT**

**1.    Mr. Schwartz Did Not Consent to Unlocking his Phone with His Fingerprint.**

The government claims that FBI Agents had a valid warrant in advance of the search and seizure of Mr. Schwartz's phone, and therefore the motion to suppress should be denied. *See* Opp. at 1. A search warrant was not issued until February 4, 2022, two days after Mr. Schwartz's arrest. However, in Special Agent Matthew B. Solomon's affidavit, he clarifies that such data may not be obtained by force. Specifically, paragraph 70 of the affidavit which was filed under seal states as follows:

1

> The proposed warrant does not authorize law enforcement to require that the aforementioned person(s) state or otherwise provide the password, or identify specific biometric characteristics (including the unique finger(s) or other physical features) that may be used to unlock or access the Device(s). Nor does the proposed warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel the aforementioned person(s) to state or otherwise provide that information. However, the voluntary disclosure of such information by the aforementioned person(s) would be permitted under the proposed warrant. To avoid confusion on that point, if agents in executing the warrant ask any of the aforementioned 3 person(s) for the password to any Device(s), or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any Device(s), the agents will not state or otherwise imply that the warrant requires the person to provide such information, and **will make clear that providing any such information is voluntary and that the person is free to refuse the request.**

Case No. 2:21-mj-00238-PLD (ECF 5) (emphasis added).

The search warrant, issued after the initial search, required the use of biometrics be voluntary. Conveniently, Special Agent Nealon "does not recall the precise method by which Schwartz's finger was used to unlock the phone". Opp. at 4. Mr. Schwartz, however, recalls the precise method and states that he was coerced into providing his fingerprint to unlock his phone, even after refusing to grant permission to agents. Nevertheless, FBI agents searched and photographed his phone without a warrant and without his consent. The government does not refute Mr. Schwartz's claim. At no point in time did Mr. Schwartz provide his fingerprint voluntarily and he was not free to refuse any request as he was tricked into providing his fingerprint to the FBI agents. In fact, the government admits that Special Agent Nealon tricked Mr. Schwartz into unlocking his phone with his fingerprint and physically took the phone from Mr. Schwartz. *See* Opp. at 10-11. Mr. Schwartz was not "under the mistaken impression that he was opening the phone only for his own purposes." Opp. at 11. FBI agents actively lied to Mr. Schwartz, "physically took", *i.e.*, snatched his phone from him, and shoved him against the wall so he could not move. It is clear that Mr. Schwartz did not consent to providing his fingerprint.

2

2. **The Search of Mr. Schwartz's Phone Violated his Fourth and Fifth Amendment Rights.**

The government claims that the use of Mr. Schwartz's fingerprint did not violate his rights under the Fifth Amendment.

Contrary to the government's contention, "[t]estimony is not restricted to verbal or written communications." *See In the Matter of the Search of a Residence in Oakland, California,* Case No. 4-19-70053 (N.D. Ca. January 10, 2019). The use of biometrics such as face recognition has been determined to infringe on a defendant's Fifth Amendment privilege against self-incrimination. *United States v. Wright*, 431 F. Supp. 3d 1175, 1187-88 (D. Nev. 2020). Other courts have found that "a biometric feature is analogous to the nonverbal, physiological responses elicited during a polygraph test, which are used to determine guilt or innocence, and are considered testimonial." *Ibid. (citing Schmerber v. California*, 384 U.S. 757, 764 (1966).

In support of its opposition, the government relies on Magistrate Judge Harvey's decision in *In re Search [Redacted] Wash., D.C.*, 317 F. Supp. 3d 523, 534 (D.D.C. 2018). That decision, however, is not compelling as it seeks to distinguish between the provision of a passcode and biometric data to unlock a phone. *See id.* at 538-39. A biometric feature is functionally the same as a passcode, and because telling a law enforcement officer your passcode would be testimonial, so too must the compelled use of your biometric feature to unlock a device. *See Matter of Residence in Oakland,* at 1015-16. Second, unlocking a phone with your fingerprint equates to testimony that you have unlocked the phone before, and thus you have some level of control over the phone. *See id.* at 1016.

Here, the use of biometric data to unlock a cell phone is testimonial. In order to determine whether testimony has been "compelled," courts look to "whether, considering the totality of the circumstances, the free will of the witness was overborne." *United States v.*

3

*Washington*, 431 U.S. 181, 188 (1977)).  In this case, there is no doubt that Mr. Schwartz was compelled to provide his fingerprint when FBI agents actively lied to Mr. Schwartz, "physically took" his phone from him, and shoved him against the wall so he could not move.  As such, the search of Mr. Schwartz's phone constituted an unlawful warrantless search under the Fourth Amendment and was compelled in violation of the Fifth Amendment.   The information seized as a result of these violations must be suppressed.

**II.     CONCLUSION**

Based upon the foregoing and the reasons set forth in his motion, Defendant Peter J. Schwartz respectfully requests that this Honorable Court will grant his motion to suppress.

          Respectfully submitted,

          /s/ Dennis E. Boyle
          Dennis E. Boyle
          Blerina Jasari
          Boyle & Jasari
          1050 Connecticut Ave, NW
          Suite 500
          Washington, DC 20036
          dboyle@dennisboylelegal.com
          bjasari@dennisboylelegal.com
          Telephone: (202) 430-1900

*Counsel for Defendant Peter J. Schwartz*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 20th day of September 2022, I electronically filed the foregoing document with the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

    /s/ Dennis E. Boyle
    Dennis E. Boyle