IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

           v.                              Case No.:  21-cr-178-APM

PETER J. SCHWARTZ
JEFFREY SCOTT BROWN
MARKUS MALY,

                      Defendants.

## MOTION IN LIMINE TO PRECLUDE CLAIM OF SELF-DEFENSE

The United States of America, by and through its attorney, respectfully moves in limine to preclude defendants Peter Schwartz, Jeffrey Brown, and Markus Maly from raising the claim of self-defense at trial.  The available facts, as a matter of law, do not support a claim of self-defense by any of the three defendants because they show that each defendant was the initial aggressor with respect to assaulting law enforcement officers on January 6, 2021.  In the alternative, the government requests that the defendants provide a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether the defendant is entitled as a matter of law to assert self-defense.

### INTRODUCTION

In Counts 1, 3, 4, 5, and 7 of the Second Superseding indictment, defendants Peter Schwartz, Jeffrey Brown, and Markus Maly are charged in various counts with assaulting, resisting, and impeding federal officers with a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b).  In Count 1, defendant Schwartz is charged with using a chair against officers as a dangerous weapon.  In Counts 3 and 4, Schwartz is charged with using a

lachrymatory agent, that is pepper spray, against officers as a dangerous weapon.  In Count 5, defendant Maly is charged in the same manner with the same offense.  Finally, in Count 7, defendants Schwartz, Brown, and Maly are charged together with aiding and abetting the assault of officers by the use of a lachrymatory agent, that being pepper spray.

To meet its burden of proof at trial, the government will seek to admit video evidence showing that on January 6, 2021, defendants Peter Schwartz and Markus Maly were among the thousands of rioters who violently overran the exterior West Plaza of the United States Capitol building as law enforcement officers were overwhelmed by the size and violence of the crowd, forcing them to retreat backward toward the building.  Schwartz, Maly, and others, then made their way up one level to the Lower West Terrace and engaged in additional violent assaults inside of a narrow tunnel that leads directly into the Capitol building.

At trial, the United States expects to elicit testimony showing that between about 2:00 p.m. to 2:28 p.m., a line of law enforcement officers – consisting of both Capitol Police and Metropolitan Police Department officers – guarded the West Plaza of the United States Capitol building.  This line of officers created a living barrier between the growing and increasingly violent crowd on the Capitol grounds and the West Front of the building, holding the crowd away from the building and west-facing entrances.  Beginning at approximately 2:28 p.m. individual members of the crowd violently overwhelmed the police line, forcing the entire line of officers to retreat backward toward the building.  Peter Schwartz was among the individuals who engaged in violence toward law enforcement on the West Plaza beginning at approximately 2:28 p.m.

Video evidence will show that at approximately 2:28 p.m., a time when multiple individuals simultaneously engaged in violence against the length of the police line, Schwartz

was standing in the crowd near the northernmost corner of the West Plaza.  He then allegedly threw a chair at the line of officers, causing the line of officers to break and at least one officer to stumble to the ground.  While the video does not clearly depict the person who threw the chair at officers, Schwartz can be seen in the aftermath standing in the distance in the area where the chair appeared to have been thrown from.  In text messages later recovered from Schwartz's phone he claimed, "I threw the first chair at the cops…then when everybody charged, I grabbed their duffle bags full of mace.  I kept some and passed them out to the crowd…lol.  They are more mace than we did."

Video evidence will also show that several minutes later, at approximately 2:30 p.m., Schwartz made his way onto the West Plaza and began using various canisters of pepper spray, or similar substances, to spray in the direction of the retreating police line.  While Schwartz was spraying toward the retreating police, other rioters engaged in direct physical violence causing mass chaos on the plaza.  Schwartz continued to spray pepper spray and similar substances in the direction of law enforcement until approximately 2:35 p.m.  At approximately that same time, defendant Markus Maly is captured on video also spraying a pepper spray-like substance toward the line of officers on the plaza.

Shortly thereafter, beginning at about 3:05 p.m., defendants Peter Schwartz, Markus Maly, and Jeffrey Brown are all captured on video entering the tunnel on the Lower West Terrace.  The Lower West Terrace is situated directly above the West Plaza and is connected by multiple exterior staircases.  The tunnel is located in the center of the Plaza and leads directly into the Capitol Building.  After being forced to retreat from the West Plaza and up to the Lower West Terrace, a line of police officers converged in the tunnel to defend that entrance from being breached by rioters.  After entering the tunnel, the three defendants can

be seen passing an unmarked spray canister between them and signaling with their hands how to open and use the canister.  At that time, the tunnel was filled with multiple other rioters who were attempting to force their way through the line of officers guarding the entrance. After Schwartz, Maly, and Brown passed the canister between the three of them, defendant Brown ultimately sprayed a stream of liquid directly toward the line of officers who were defending the tunnel entrance.  Shortly thereafter, the defendants exited the tunnel.

## ARGUMENT

Section 111 makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with" a federal officer in the performance of the officer's duties.  18 U.S.C. § 111(a)(1).  A defendant charged under Section 111 may assert, as an affirmative defense, a theory of self-defense, "which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger."  *United States v. Middleton,* 690 F.2d 820, 826 (11th Cir. 1982).

"A defendant cannot claim self-defense if he was the aggressor or if he provoked the conflict upon himself."  *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018) (internal quotation marks and citation omitted).  That principle applies fully to Section 111 prosecutions.  *See, e.g.*, *United States v. Mumuni Saleh*, 946 F.3d 97, 110 (2d Cir. 2019) ("Mumuni was the initial aggressor in the altercation with Agent Coughlin; as such, he could not, as a matter of law, have been acting in self-defense"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.").

The proffered video evidence demonstrates that defendants Schwartz, Brown, and Maly were each initial aggressors for each of the charged assaults on law enforcement officers. At no point before any of the charged assaults did law enforcement apply force to the defendants. Indeed, the video evidence shows that the officers on the receiving end of the chair-throw or pepper spray never once touched the defendants. It was the defendants who initiated a violence, each in different ways, with respect to each assault. Defendant Schwartz threw a chair and then participated in the mob violence perpetrated against officers on the West Plaza by spraying pepper-spray and similar substances. Defendant Maly also participated in the mob violence on the West Plaza by spraying a pepper-spray like substance. Finally, the three defendants entered the Lower West Terrace tunnel at approximately the same time and worked together to spray the line of officers defending the tunnel doors. Therefore, the three defendants cannot, as a matter of law, seek acquittal on the Section 111 charge by asserting self-defense.

Other circumstances depicted in the video do not bear on the elements of self-defense. The defendants may have objected to law enforcement's presence at the U.S. Capitol, their effort to detain other individuals at the scene, or their directives that to leave the area. None of that matters. *See United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) (observing that "harsh words from another, insulting words, demeaning words, or even fighting words" does not provide license to "stab the offending speaker in the neck, bash their skull with a baseball bat, send a bullet to their heart, or otherwise deploy deadly force in response to the insult"). Because defendants Schwartz, Brown, and Maly were "the attacker[s]" in each instance in this case, *ibid.*, they cannot advance a self-defense theory.

**CONCLUSION**

For these reasons, the United States respectfully moves the Court to preclude defendants Schwartz, Maly, and Brown from raising a claim of self-defense or, in the alternative, require the defendants to make a pre-trial proffer of facts that would permit the Court to decide whether they entitled as a matter of law to assert self-defense.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: ___ */s/ Jocelyn Bond* _____
     Jocelyn Bond
     Assistant United States Attorney