IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-178 (APM) |
| | : |
| PETER J. SCHWARTZ, | : |
| | : |
| Defendant. | : |

**DEFENDANT PETER J. SCHWARTZ'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE**

Defendant Peter J. Schwartz ("Mr. Schwartz"), by and through undersigned counsel, respectfully moves this Honorable Court to exclude any evidence of the events on January 6, 2021, which does not pertain to Mr. Schwartz's conduct on that day. In support of his motion, Mr. Schwartz states as follows:

### I. INTRODUCTION

During discovery in this case, the government has produced a vast amount of information, consisting of photographs, video and audio recordings, as well as other reports depicting a wide array of criminal conduct that occurred both on January 6th and before and after that date. Thus far, the government has produced 19 global productions pertaining to the Capitol breach cases. The most recent production has been made as recently as last week, on September 21, 2022. Only a miniscule subsection of this information relates to Mr. Schwartz. As set forth in detail below, Mr. Schwartz submits this motion in an effort to exclude any evidence of the Capitol breach cases which does not relate to Mr. Schwartz because such evidence is irrelevant, cumulative, and prejudicial pursuant to Fed. R. Evid. §§ 401-403.

The case against Mr. Schwartz should not be a political show trial designed to highlight the events of January 6; rather, the trial should be directed at the conduct of Mr. Schwartz and the offenses with which he is charged. The government asserts that it will need weeks to try the

case against Mr. Schwarz when the total evidence against Mr. Schwartz consists of several videos covering at most 10 minutes of activity. It is difficult to understand how the evidentiary portion of the case could not be covered in a day or two at most. Mr. Schwartz is not charged with conspiracy, and all of the evidence provided by the government thus indicates that he acted alone. He travelled to Washington for the January 6th events with his wife; he was not part of any group or organization; there is no evidence of any plan to attack or overthrow the government; and there is no evidence he even knew anyone else who was arrested (aside from his wife).

The government appears to assert some sort of concerted action theory. It goes without saying that one rioter, absent a conspiracy, is not responsible for the actions of other rioters merely because they were in the same general location as other people who engaged in different or worse crimes. In fact, attempting to try Mr. Schwarz based upon evidence that has no relationship to him would deny him a fair trial and should not be permitted.

## II.     FACTUAL BACKGROUND

On January 6, 2021, Mr. Schwartz travelled to Washington, D.C., with his wife, Shelley Stallings, to observe former President Donald J. Trump's speech. He was one of thousands of individuals who then walked to the U.S. Capitol after Trump issued a call to action. On February 2, 2022, Mr. Schwartz was arrested in his home in Uniontown, Pennsylvania, on an arrest warrant issued by the United States District Court for Western District of Pennsylvania.

In a Second Superseding Indictment, Mr. Schwartz has been charged with three counts of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) (Counts One, Three, and Four); one count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count Two); one count of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon and Aiding and Abetting, in violation of 18 U.S.C.

§ 111(a)(1) and (b) and 2 (Count Seven); one Count of Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2 (Count Eight); one count of Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count Nine); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count Ten); one count of Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Count Eleven); one count of Disorderly Conduct in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Twelve); and one count of Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Thirteen). [ECF 63].

None of the charges in the Second Superseding Indictment against Mr. Schwartz require the involvement of anyone else. To the contrary, they all focus upon the specific actions of Mr. Schwartz that day. The actions of others are completely irrelevant to the government's allegations against Mr. Schwartz.

On February 4, 2021, Mr. Schwartz had his initial appearance in the Western District of Pennsylvania. Subsequently, Mr. Schwartz was committed to and transferred to the District of Columbia.

**III.   ARGUMENT**

    **1.   Evidence Not Related to Mr. Schwartz is Irrelevant.**

Evidence is only admissible if it tends to make a fact more or less probable and is of consequence to the action. Fed. R. Evid. §§ 401, 402. The threshold requirement for admission of evidence in criminal proceedings is that the evidence must have some probative value. *United States v. Larranaga*, 787 F.2d 489, 499 (10th Cir. 1986). Evidence must have some tendency to

prove a material fact. *United States v. Zeiger*, 350 F. Supp. 685, 688 (D.D.C.), rev'd, 475 F.2d 1280 (D.C. Cir. 1972). Motions *in limine* are "'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Graves v. District of Columbia,* 850 F.Supp.2d 6, 10 (D.D.C. 2011) (*quoting Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1070 (3d Cir. 1990)). As Judge Kollar–Kotelly thoroughly explained in *Graves:*

> Broadly speaking, the Federal Rules of Evidence permit the admission of "relevant evidence"—that is, evidence that "has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence," Fed. R. Evid. 401—provided it is not otherwise excluded by the Rules, the Constitution of the United States, or an Act of Congress, Fed. R. Evid. 402, and its probative value is not "substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403.

*Graves*, 850 F.Supp.2d at 10.

Here, the government has produced tens of thousands of files in discovery throughout 19 global productions, with the most recent production having been shared with the undersigned on September 21, 2022. These files contain photographs, video recordings, audio recordings, reports, images, maps, and other documents. A large sum of this discovery reflects the incidents that occurred on January 6, 2021, in and around the Capitol building. Nearly all of this evidence, however, is completely unrelated to Mr. Schwartz; Mr. Schwartz is not present, nor is he depicted or mentioned in any other way. For example, a large number of videos include news reports and different camera angles of the January 6th events, including footage from within the Capitol building. Mr. Schwartz never entered the Capitol Building. The large amounts of discovery that do not depict Mr. Schwartz or relate to Mr. Schwartz's case in any way do not provide any probative value or have any tendency to prove a material fact, therefore constitutes irrelevant evidence.

This evidence must be excluded from being presented at trial.

### 2.     Evidence Not Related to Mr. Schwartz is Cumulative.

Relevant evidence can still be excluded by a court if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. § 403.  Evidence is deemed "cumulative" when it adds little to the probative value of the other evidence, so "if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates." *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996).  "Cumulative evidence" is evidence which replicates other admitted evidence. *United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979).

Here, most of the information produced regarding the January 6th events at the Capitol Building does not depict Mr. Schwartz or relate to his case in any way.  If the information produced was recognized as relevant, however, it should still be excluded because its contribution to the determination of truth would be greatly outweighed by the contribution to a lengthy trial and the possibility of confusion.  Fed. R. Evid. § 403; *see also United States v. Boyd*, 55 F.3d 239, 246 (7th Cir. 1995); *United States v. Pulido,* 69 F.3d 192, 204 (7th Cir. 1995).  Most of the videos and photographs produced are replicates of the same events, therefore, if one video of the event is shown, the rest should be deemed as cumulative and excluded.

In *United States v. Fitzsimons*, this Court found that certain proffered evidence was not intrinsic to the charged crimes and that it would be excluded because it was unfairly prejudicial and would needlessly complicate the case. *United States v. Fitzsimons*, No. 21-CR-158, 2022 WL 1658846, at *4 (D.D.C. May 24, 2022).  Similarly, *Fitzimons* involved criminal charges

5

against a defendant arising from his alleged participation in the January 6, 2021, events at the Capitol building.  The government filed a motion *in limine* to admit evidence of phone calls to congressional offices and of a social-media post as intrinsic evidence of the charged crimes.  This Court in *Fitzsimons* ruled that although the phone calls are relevant, their probative value is quite low.  *Ibid*.  Additionally, the Court held that the evidence would be excluded as unfairly prejudicial and would lead to needlessly complicating the case.  *Id.* at *5.  Similar to *Fitzsimons*, the large amount of information being proffered by the government in this case would produce a needlessly long and complicated trial, which in turn would create an unfair prejudice toward Mr. Schwartz.

       The proffered evidence is cumulative in nature, and thus, must be excluded at trial.

       **3.**       **Even if there were any Probative Value to Videos not depicting Mr. Schwartz or his activities, it would be substantially outweighed by its Prejudice to Mr. Schwartz.**

Not only is the evidence irrelevant and cumulative; it is also unfairly prejudicial.  As has been previously noted, it has no probative value.  The events of January 6th are shocking and tragic in nature.  Not even during the Civil War was the security of the Capitol breached.  There were an infinite number of assaults and instances of abuse of police officers and others all around the Capitol grounds and inside the Capitol itself.  In the politically and emotionally charged environment surrounding the events that occurred on that day, it is vitally important to try the charged defendants on the conduct they are alleged to have committed and nothing more.[1]

       By showing crimes of other people not related to Mr. Schwartz, a jury could be tempted to punish Mr. Schwartz for the sins of the "Make America Great Again" ("MAGA") Movement as a whole, converting the case into the type of show trial MAGA supporters already believe it

---

[1] Mr. Schwartz is not charged with or alleged to have been involved in a conspiracy.  If he were, the scope of admissible evidence would be greater.

is.  If the evidence against Mr. Schwartz is as damning as the government suggests—if it is all "caught on video", there is absolutely no reason to go into this irrelevant evidence.

### 4. Evidence Not Related to Mr. Schwartz Cannot be Produced for a Necessity Defense or Any Other Defense.

Mr. Schwartz's defense team is aware of the fact that there are other defendants that seek to make a "necessity defense" or some other ill-defined defense that would involve the use of irrelevant and prejudicial evidence.  They may want the same type of show trial the government seems to pursue, for political reasons as opposed to a legitimate defense.  If evidence offered by the government is not admissible against Mr. Schwartz for the reasons outlined above, it does not become admissible because it is offered by another defendant.

One defense that has been talked about is the necessity defense.  A necessity defense "is an affirmative defense which essentially excuses otherwise criminal conduct which is committed for the purpose of preventing an imminent greater harm." *United States v. Hill*, 893 F. Supp. 1044, 1045 (N.D. Fla. 1994) (*citing United States v. Bailey*, 444 U.S. 394, 409–10 (1979)).  A defendant must show the essential elements of a justification or necessity defense, which are: "(1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law." *Id*. at 1045–46.  This defense is not available when there "is a legal alternative available to the defendants that does not involve violation of the law." *Bailey*, 444 U.S. at 410.

In *United States v. Kelly*, seven defendants protested nuclear weapons by trespassing on Government property.  These individuals trespassed into the Naval Submarine Base Kings Bay in Kingsland Georgia equipped with bolt-cutters, spray-paint, and a hammer made of melted-down guns. *United States v. Kelly*, No. 2:18-CR-22, 2019 WL 5077546, at *1 (S.D. Ga. Apr. 26,

2019). Once on the property, these individuals poured blood on the ground, hammered on the sides of a monument, hung banners and painted messages protesting nuclear weapons, and joined together in prayer. *Ibid.* The government sought to preclude evidence related to the justification of entry. The court held that the seven defendants did not show the existence of any of the four elements required for the necessity defense, and therefore, granted the government's motion. *United States v.* Kelly, No. 2:18-CR-22 (S.D. Ga. October 11, 2019).

The Supreme Court has stated unequivocally that if "testimony supporting one element [of an affirmative defense] is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense." *Bailey*, 444 U.S. at 416. Consequently, "[a] judge may, and generally should, block the introduction of evidence supporting a proposed defense unless all of its elements can be established." *United States v. Haynes*, 143 F.3d 1089, 1090 (7th Cir. 1998). Here, the elements of the necessity defense cannot be met.

Like in *Kelly*, Mr. Schwartz and other co-defendants may not raise a necessity defense or evidence supporting a necessity defense because there were legal alternatives available to all defendants in this matter. The co-defendants did not have a legal need to enter the barricaded area outside of the Capitol building and protesting election fraud does not constitute a need to trespass on government property. Additionally, any evidence being introduced to show justification for entry will be insufficient as it was in *Kelly*. The evidence of protesting on government property would not be relevant for any other reason and therefore, the evidence must be excluded.

## IV.  CONCLUSION

Based upon the foregoing, Defendant Peter J. Schwartz respectfully requests that this Honorable Court grant his motion *in limine* to exclude any evidence which is not related to the instant case against Mr. Schwartz.

Respectfully submitted,

/s/ Dennis E. Boyle
Dennis E. Boyle
Blerina Jasari
Boyle & Jasari
1050 Connecticut Ave, NW
Suite 500
Washington, DC 20036
dboyle@dennisboylelegal.com
bjasari@dennisboylelegal.com
Telephone: (202) 430-1900

*Counsel for Defendant Peter J. Schwartz*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of September 2022, I electronically filed the foregoing document with the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Dennis E. Boyle
Dennis E. Boyle
