UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Criminal No. 21-cr-00178 (APM) |
| PETER SCHWARTZ, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Before the court are multiple motions filed pursuant to Federal Rule of Criminal Procedure 12 by Defendants Peter Schwartz, Jeffrey Brown, and Markus Maly. For the reasons that follow, Defendant Schwartz's and Defendant Brown's motions for change of venue and severance, Defendant Schwartz's motion to dismiss, and Defendant Brown's motion to continue are denied. The court will hear evidence on Defendant Schwartz's and Defendant Maly's motions to suppress evidence, ECF No. 121, 124, at the pre-trial conference scheduled for October 21, 2022.

1. Defendants Schwartz's and Brown's motions to change venue, ECF Nos. 118, 123, are denied. Defendants raise no new arguments about the presumption of prejudice and purported inherent jury bias that this court has not previously considered and rejected. *See United States v. Webster*, No. 21-cr-208-APM (D.D.C. Apr. 19, 2021), ECF No. 78; *United States v. Caldwell*, No. 21-cr-28-APM (D.D.C. Sept. 14, 2021), ECF No. 415 at 10–11; *United States v. Rhodes*, No. 22-cr-15-APM, 2022 WL 231554, at *20–23 (D.D.C. June 28, 2022). The court incorporates the reasoning of those decisions here. Additionally, Defendant Schwartz's request to use a jury

questionnaire is denied. Although the events of January 6th have garnered substantially media attention, there is little reason to believe that potential jurors will be familiar with the facts and the defendants of this particular case, such that a questionnaire would be beneficial. The court will permit the parties to suggest voir dire questions to pose to potential jurors and will allow counsel to ask limited follow-up questions to jurors' responses.

Defendant Brown's request to continue trial until after the midterm elections, ECF No. 123 at 7, is likewise denied. Defendant Brown offers only speculation that the midterm elections will impact the potential jury pool.

2. Defendant Schwartz's motion to dismiss Count Eight charging him with violation of 18 U.S.C. § 1512(c), ECF No. 119, is denied. The court previously has rejected the very arguments that Defendant makes in support of dismissal of Count Eight. *See United States v. Caldwell*, 581 F. Supp. 3d 1, 10–30 (D.D.C. 2021); *United States v. Caldwell*, No. 21-cr-28-APM, 2022 WL 203456, at *1–3 (D.D.C. Jan. 24, 2022); *Rhodes*, 2022 WL 2315554, at *13–14. The court incorporates the reasoning of those decisions here.

3. Defendants Schwartz's and Brown's motions to sever, ECF Nos. 120, 122, are denied. First, all three defendants are properly joined under Rule 8(b) because they are alleged to have participated in "the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). Specifically, on January 6th, while inside the Lower West Terrace tunnel, Defendant Schwartz is alleged to have handed a canister of pepper spray to Defendant Maly, who in turn handed it to Defendant Brown. Defendant Brown then unsuccessfully attempted to use the spray canister against police. Defendant Brown handed the canister back to Defendant Schwartz, who apparently fixed the canister. Defendant Schwartz then gave the canister back to Defendant Brown, who pointed it at police and deployed the pepper

spray. There is thus a "logical link" or "nexus" between these events. *See United States v. Nicely*, 922 F.2d 850, 855 (D.C. Cir. 1991) (holding joinder was improper where the government failed to "articulate a nexus between" charged conspiracies)*; United States v. Jackson*, 562 F.2d 789, 797 (D.C. Cir. 1977) (holding that joinder was improper where the government had failed to proffer a "logical link" between the joined offenses). The fact that Defendants did not know one another or are not charged in a conspiracy is not, as Defendants contend, dispositive. *See United States v. McCaughey*, No. 21-cr-00040-TNM, 2022 WL 1604655, at *2 (D.D.C. May 20, 2022) (rejecting argument that the defendants were not properly joined because they "did not know one another prior to January 6"). Defendants therefore are properly joined. *See United States v. Halliman*, 923 F.2d 873, 883 (D.C. Cir. 1991) (stating that "the government need only present evidence before trial that each defendant participated in the series of acts underlying each offense charged (though not necessarily in every act making up the series)" to establish proper joinder); *McCaughey*, 2022 WL 1604655 at *2–3.

Nor must Defendants' trials be severed under Rule 14. Defendants fear that they will be prejudiced from the admission of evidence relating to other Defendants' actions outside the tunnel. ECF No. 120 at 5–6; ECF No. 122 at 3–4. But the risk of spillover prejudice justifies a severance only "when the evidence against one or more defendants is far more damaging than the evidence against another defendant." *United States v. Wilson*, 605 F.3d 985, 1018 (D.C. Cir. 2010) (cleaned up). "Absent a dramatic disparity" of evidence, "instructions to the jury to give individual consideration to each defendant" ameliorate the risk of spillover prejudice. *United States v. Moore*, 651 F.3d 30, 95 (D.C. Cir. 2011) (cleaned up). Here, Defendants Brown and Schwartz point to the ways in which each co-defendant's conduct differs: (1) Schwartz used a chair to assault officers; (2) Schwartz directly used pepper spray against officers; (3) Brown possessed multiple

canisters of pepper spray on January 6; (4) Brown participated in encrypted chats prior to January 6; and (5) Maly posted to social media about the events of January 6. Though the evidence differs, Defendants have not shown that the evidence is substantially greater against one defendant relative to the other, or that the jury will not be able to "reasonably compartmentalize the evidence introduced against each individual defendant." *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010) (cleaned up).

Defendants also offer two additional reasons necessitating severance. Defendant Schwartz alludes to the possibility that his defense strategy will conflict with that of his co-defendants, ECF No. 120 at 6, but he does not meaningfully develop that argument. Defendant Brown expresses concern that Defendant Schwartz alone is charged with a violation of § 1512(c)(2), ECF No. 122 at 4, but he fails to show that the § 1512(c)(2) charge is significantly more serious than those against him and will result in a prejudicial spillover effect. *See United States v. Bikundi*, 926 F.3d 761, 781 (D.C. Cir. 2019) (holding that the defendant "fail[ed] to demonstrate the health care fraud charges based on [his co-defendant's] nursing license revocation involved significantly more serious charges with prejudicial spillover effect than other evidence of his own culpability").

For the foregoing reasons, the court denies (i) Defendant Schwartz's motion to change venue, ECF No. 118; (ii) Defendant Schwartz's motion to dismiss, ECF No. 119; (iii) Defendant Schwartz's motion to sever, ECF No. 120; (iv) Defendant Brown's motion to change venue, ECF No. 123; (v) Defendant Brown's motion to sever, ECF No. 122; and (vi) Defendant Brown's motion to continue, ECF No. 126.

Dated: October 11, 2022

Amit P. Mehta
United States District Court Judge