IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-178 (APM) |
| | : |
| PETER J. SCHWARTZ, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE CLAIM OF SELF-DEFENSE**

Defendant Peter J. Schwartz ("Mr. Schwartz"), by and through undersigned counsel, respectfully submits his response to the Government's Motion *In Limine* to preclude a claim of self-defense. In support of his response, Mr. Schwartz states as follows:

BACKGROUND

On January 6, 2021, Mr. Schwartz travelled to Washington, D.C., with his wife, Shelley Stallings, to observe former President Donald J. Trump's speech. He was one of thousands of individuals who then walked to the U.S. Capitol after Trump issued a call to action. On February 2, 2022, Mr. Schwartz was arrested in his home in Uniontown, Pennsylvania, on an arrest warrant issued by the United States District Court for Western District of Pennsylvania.

In a Second Superseding Indictment, Mr. Schwartz has been charged with three counts of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) (Counts One, Three, and Four); one count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count Two); one count of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon and Aiding and Abetting, in violation of 18 U.S.C. § 111(a)(1) and (b) and 2 (Count Seven); one Count of Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2 (Count Eight); one count of

1

Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count Nine); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count Ten); one count of Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Count Eleven); one count of Disorderly Conduct in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Twelve); and one count of Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Thirteen). [ECF 63].

On February 4, 2021, Mr. Schwartz had his initial appearance in the Western District of Pennsylvania. Subsequently, Mr. Schwartz was committed to and transferred to the District of Columbia.

## ARGUMENT

Claims of self-defense should be ruled on once the record has been established at trial. Self-defense may be justified in D.C. courts when the record reflects that "(1) there was an actual or apparent threat to the defendant; (2) the threat was unlawful and immediate; (3) the defendant honestly and reasonably believed that he was in imminent danger of death or serious bodily harm; and (4) the defendant's response was necessary to save himself from danger." *Waters v. Lockett*, 896 F.3d 559, 568–69 (D.C. Cir. 2018) (quoting *Murphy-Bey v. United States*, 982 A.2d 682, 690 (D.C. 2009)). A defendant has the initial burden to present "any evidence that he acted in self-defense[.]" *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018).

When evaluating whether a defendant acted in self-defense, the fact-finder must determine whether the defendant acted reasonably under the circumstances. *Waters v. Lockett*,

896 F.3d 559, 569 (D.C. Cir. 2018) (citing *Brown v. United States*, 256 U.S. 335, 344 (1921)). When determining the existence of self-defense, "the credibility and force of … evidence must be for the jury, and cannot be matter of law for the decision of the court." *Kinard v. United States*, 96 F.2d 522, 526 (D.C. Cir. 1938) (*citing Stevenson v. United States*, 162 U.S. 313, 315-16 (1896). Evidence, including live testimony, may be presented before or during trial. *See Griffin v. United States*, 183 F.2d 990, 992 (D.C. Cir. 1950) (Holding that "When a defendant claims self-defense and there is substantial evidence, though it be only his own testimony, that the deceased attacked him, evidence of uncommunicated threats of the deceased against the defendant is admissible."); *see also United States v. Alvarez,* 755 F.2d 830, 842 n. 12 (11th Cir. 1985).

Once a defendant has presented evidence of self-defense, the burden shifts to the government to prove beyond a reasonable doubt that self-defense did not occur. *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018) (*citing Parker v. United States*, 155 A.3d 835, 842 (D.C. 2017)).

Here, the government alleges that Mr. Schwartz was the initial aggressor for the charged assaults on law enforcement officers. The government is seeking to preclude an affirmative defense of self-defense prematurely. The initial burden to present evidence of self-defense, whether before or during trial, belongs to the defendant. *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018). For example, Mr. Schwartz may claim self-defense by presenting evidence in the form of testimony during trial. Once this evidence has been presented, the government may then present evidence for why self-defense is improper.

The government cites two cases where self-defense was improper because the defendant was the initial aggressor. Gov. Mot. at 4. However, both cases dealt with defendants who

initially raised the affirmative defense of self-defense during trial; and in both cases, the courts ruled on these claims during trial once evidence was presented and the relevant facts were established by the record. See *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1116 (9th Cir. 2012).

In our case, asserting the affirmative defense of self-defense is reasonable because the evidence shows that Capitol police officers physically attacked individuals, including Mr. Schwartz, by pushing them, hitting them, and spraying mace into crowds of people. These actions occurred before any of the actions alleged in the government's motion took place.[1]

In any event, whether Mr. Schwartz acted in self-defense or not must be determined by the fact-finder, *i.e.*, the jury. *See Waters*, 896 F.3d at 569 (*citing Brown*, 256 U.S. at 344. It is not a "matter of law for the decision of the court." *Kinard*, 96 F.2d at 526 (*citing Stevenson*, 162 U.S. at 315-16. For the same reason, the Court should also not allow a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether Mr. Schwartz is entitled to self-defense.

Here, Mr. Schwartz has not had the opportunity to present any evidence at trial in order to meet his burden of demonstrating a self-defense claim.

The government's motion must be denied.

---

[1] The government cites to alleged text messages showing that Mr. Schwartz allegedly threw a chair. *See* Gov. Motion at 3. Currently pending before the Court is Mr. Schwartz's motion to suppress phone records [ECF 121]. As set forth in detail in that motion, the text messages obtained from Mr. Schwartz's phone were obtained unlawfully because a search of his phone was conducted without a warrant and Mr. Schwartz was tricked into unlocking his phone.

## CONCLUSION

Based upon the foregoing, Defendant Peter J. Schwartz respectfully requests that the Government's Motion *In Limine* with regard to precluding a claim of self-defense be denied.

Dated: October 11, 2022                             */s/ Dennis E. Boyle*
                                                    Dennis E. Boyle
                                                    Blerina Jasari
                                                    Boyle & Jasari
                                                    1050 Connecticut Ave, NW
                                                    Suite 500
                                                    Washington, D.C., 20036
                                                    Email:  dboyle@dennisboylelegal.com
                                                                bjasari@dennisboylelegal.com
                                                    Phone: (202) 798-7600

                                                    *Counsel for Defendant Peter J. Schwartz*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 11, 2022, a true and correct copy of the foregoing document has been served electronically on counsel of record for all parties.

                                                 */s/ Dennis E. Boyle*
                                                 Dennis E. Boyle, Esquire