**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 21-cr-178 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **PETER SCHWARTZ, et al.,** | : | |
| | : | |
| **Defendant.** | : | |

**<u>JOINT PROPOSED JURY INSTRUCTIONS</u>**

Pursuant to the Court's March 16, 2022 Amended Pretrial Order, the parties hereby propose the following jury instructions, subject to issues that arise during trial.

The parties have used the Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release ("Redbook") where noted below.

The parties reserve the right to include further jury instructions based on the evidence deduced at trial.

**A.  Jointly Proposed Instructions**

1.      Definitions: Stipulation of Fact, Redbook 1.103(A)

2.      Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

3.      Function of the Court, Redbook 2.101

4.      Function of the Jury, Redbook 2.102

5.      Jury's Recollection Controls, Redbook 2.103

6.      Evidence in the Case, Redbook 2.104

7.      Statements of Counsel, Redbook 2.105

8.      Indictment Not Evidence, Redbook 2.106

9.      Burden of Proof, Redbook 2.107

10.  Reasonable Doubt, Redbook 2.108

11.  Direct and Circumstantial Evidence, Redbook 2.109

12.  Nature of Charges Not to Be Considered, Redbook 2.110

13.  Number of Witnesses, Redbook 2.111

14.  Inadmissible and Stricken Evidence, Redbook 2.112

15.  Credibility of Witnesses, Redbook 2.200

16.  Police Officer's Testimony, Redbook 2.207

17.  Transcripts of Tape Recordings, Redbook 2.310

18.  Proof of State of Mind, Redbook 3.101

19.  Aiding and Abetting, Redbook 3.200

20.  Multiple Counts – One Defendant, Redbook 2.402

21.  Multiple Defendants – Multiple Counts, Redbook 2.404

22.  <u>Counts One, Three, Four, Five, and Seven:</u> Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon, 18 U.S.C. § 111(a)(1), (b) [see proposal below]

23.  <u>Count Two</u>: Obstructing Officers During a Civil Disorder, 18 U.S.C. § 231(a)(3) [see proposal below]

24.  <u>Count Eight</u>: Obstruction of an Official Proceeding and Aiding and Abetting, 18 U.S.C. § 1512(c)(2) and (2) [see proposal below]

25.  <u>Count Nine</u>: Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(1) and (b)(1)(A) [see proposal below]

26.  <u>Count Ten</u>: Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(2) and (b)(1)(A) [see proposal below]

27.  <u>Count Eleven</u>: Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(4) and (b)(1)(A) [see proposal below]

28.    <u>Count Twelve</u>: Disorderly Conduct in a Capitol Building or Grounds, 40 U.S.C. § 5104(e)(2)(D) [see proposal below]

29.    <u>Count Thirteen</u>: Engaging in an Act of Physical Violence in the Capitol Grounds or Capitol Buildings, 40 U.S.C. § 5104(e)(2)(F) [see proposal below]

30.    Where Jury is to be Charged on a Lesser Included Offense of a Count in an Indictment, Redbook 2.401

31.    Unanimity—General, Redbook 2.405

32.    Verdict Form Explanation, Redbook 2.407

33.    Redacted Exhibits, Redbook 2.500

34.    Exhibits During Deliberations, Redbook 2.501

35.    Selection of Foreperson, Redbook 2.502

36.    Possible Punishment Not Relevant, Redbook 2.505

37.    Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

38.    Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

39.    Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

40.    Excusing Alternate Jurors, Redbook 2.511

## B.  Jointly Proposed Instructions to be Used as Applicable

41.    Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209

42.    Character of Defendant, Redbook 2.213

43.    Evaluation of Prior Inconsistent Statement of a Witness, Redbook 2.216

44.    Evaluation of Prior Consistent Statement of a Witness, Redbook 2.217

45.    Statements of the Defendant – Substantive Evidence, Redbook 2.305

## C.  Disputed Instructions

**Proposed Instruction No. 22**

**COUNTS ONE, THREE, FOUR, FIVE, AND SEVEN: ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS USING A DEADLY OR DANGEROUS WEAPON**

18 U.S.C. § 111(a)(1), (b)

Counts One, Three, Four, Five, and Seven of the Indictment charge defendants, as identified in the verdict forms, with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. These counts additionally charge that defendants, in the commission of such acts, used a deadly or dangerous weapon, and made physical contact with the person and acted with the intent to commit another felony.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser included offense of assaulting, resisting, opposing, impeding, intimidating, or interfering with any person assisting officers of the United States who are engaged in the performance of their official duties, and while making physical contact with the person or acting with the intent to commit another felony. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements of Section 111(b) offense

In order to find a defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a person assisting officers of the United States who are engaged in the performance of their official duties, while using a deadly or dangerous weapon, you must find the following elements beyond a reasonable doubt:

1. First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the Metropolitan Police Department.

5

2. Second, the defendant did such acts forcibly.

3. Third, the defendant did such acts voluntarily and intentionally.

4. Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

5. Fifth, in doing such acts, the defendant used a deadly or dangerous weapon.[1]

## Elements of Section 111(a) offense

In order to find a defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a person assisting officers of the United States who are engaged in the performance of their official duties, while making physical contact with the person or acting with the intent to commit another felony, you must find the following elements beyond a reasonable doubt:

1. First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the Metropolitan Police Department.

2. Second, the defendant did such acts forcibly.

3. Third, the defendant did such acts voluntarily and intentionally.

---

[1] When charging an offense under Section 111(b), the government does not need to further prove the elements of Section 111(a)'s enhanced penalty provision—"physical contact" or "intent to commit another felony." *See United States v. Stands Alone*, 11 F.4th 532, 535 (7th Cir. 2021) ("[A] defendant violates § 111(b) by causing bodily injury to a federal officer while committing one or more of the following acts: assault, resist, oppose, impede, intimidate, and interfere."); *United States v. Siler*, 734 F.3d 1290, 1297 (11th Cir. 2013) ("[P]hysical contact is not required as a predicate act or element of § 111(b) so long as acts encompassed in the first separate crime were committed and in doing so the defendant used a deadly or dangerous weapon or inflicted bodily injury.").

4. Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

5. Fifth, the defendant made physical contact with the person assisting officers of the United States who were then engaged in the performance of their official duties, or acted with the intent to commit another felony.  For purposes of this element, "another felony" refers to the offense charged in Count Two.

<u>Order of considering the charges</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, opposing, impeding, intimidating, or interfering with  any person assisting officers of the United States who are engaged in the performance of their official duties, while using a deadly or dangerous weapon, and while making physical contact with the person or acting with the intent to commit another felony.  If you find the defendant guilty, do not go on to the other charge.  If you find the defendant not guilty, go on to consider assaulting, resisting, opposing, impeding, intimidating, or interfering with any person assisting officers of the United States who are engaged in the performance of their official duties, while making physical contact with the person or acting with the intent to commit another felony.

This order will be reflected in the verdict form that I will be giving you.

<u>Definitions</u>

A person acts "forcibly" if he uses force, attempts to use force, or threatens to use force against the officer.  A threat to use force at some unspecified time in the future is not sufficient to establish that a defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.  A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury.  In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that it was a part of the official duty of a Metropolitan Police Department officer to assist federal officers in protecting the U.S. Capitol complex on January 6, 2021, and detaining individuals who lacked authorization to enter the restricted area around the complex.  It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner. In determining whether the object is a "deadly or dangerous weapon," you may consider both physical capabilities of the object used and the manner in which the object is used.

**Proposed Instruction No. 23**

**COUNT TWO: OBSTRUCTING OFFICERS DURING A CIVIL DISORDER**

18 U.S.C. § 231(a)(3)

Count Two of the Indictment charges defendants Peter J. Schwartz, Jeffrey Scott Brown, and Markus Maly with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

Elements

In order to find a defendant guilty of this offense, you must find the following elements beyond a reasonable doubt:

1. First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

2. Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

3. Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Definitions

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the

defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.[2]

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.[3]

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[4]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[5]

The term "department" includes executive departments.[6]  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.[7]

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.[8]

---

[2]     *See United States v. Thomas Webster*, Case No. 21-cr-208-APM; *United States v. Douglas Jensen*, Case No. 21-cr-6-TJK; Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).
[3]     18 U.S.C. § 232(1); *see also Webster*; *see also Jensen*.
[4]     *United States v. Guy Reffitt*, Case No. 21-cr-32-DLF; *see also Webster*; *see also Jensen*; modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021).
[5]     18 U.S.C. § 232(3).
[6]     18 U.S.C. § 6.
[7]     5 U.S.C. § 101.
[8]     18 U.S.C. § 6.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.[9]

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

<u>Attempt</u>

In Count Two, defendants are also charged with attempt to commit the crime of obstructing officers during a civil disorder. An attempt to obstruct officers during a civil disorder is a federal crime even though the defendant did not actually complete the crime of obstructing officers during a civil disorder.

In order to find a defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

1. First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

2. Second, that the defendant took a substantial step toward committing obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find a defendant guilty of attempting to obstruct officers during a civil disorder merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state

---

[9]    18 U.S.C. § 232(7).

passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find a defendant guilty of attempting to obstruct officers during a civil disorder merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.[10]

---

[10]	Seventh Circuit Pattern Criminal Jury Instructions; Third Circuit Pattern Jury Instructions 7.01.

**Proposed Instruction No. 24**

**COUNT EIGHT: OBSTRUCTION OF AN OFFICIAL PROCEEDING AND AIDING AND ABETTING**

18 U.S.C. §§ 1512(c)(2) and (2)

Count Eight of the Indictment charges the defendant, Peter J. Schwartz, with corruptly obstructing an official proceeding, which is a violation of the law.  Count Eight also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.  The Court will first explain the elements of the substantive offense, along with its associated definitions.  Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, the defendant attempted to or did obstruct or impede an official proceeding.

2. Second, the defendant acted with the intent to obstruct or impede the official proceeding.

3. Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

4. Fourth, the defendant acted corruptly.

<u>Definitions</u>

The term "official proceeding" includes a proceeding before the Congress.  The official proceeding need not be pending or about to be instituted at the time of the offense.  If the official proceeding was not pending or about to be instituted, the government must prove beyond a

reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count Eight, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

The term "knowingly" has the same meaning that I gave you previously.

To act "corruptly," the defendant must use unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

Attempt

In Count Eight, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

14

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

Aiding and Abetting

In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count Eight.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

**Proposed Instruction No. 25**

**COUNT NINE: ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON[11]**

18 U.S.C. § 1752(a)(1), (b)(1)(A)

Count Nine of the Indictment charges defendants Peter J. Schwartz, Jeffrey Scott Brown, and Markus Maly with entering or remaining in a restricted building or grounds while using or carrying a deadly or dangerous weapon, which is a violation of federal law.  I will also instruct you on the lesser included offense of entering or remaining in a restricted building or grounds, which is also a violation of federal law.  After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

In order to find a defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.  First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2.  Second, that the defendant knew that the building or grounds was restricted and he knew that he lacked the lawful authority to enter or remain there.

3.  Third, that the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

<u>Elements of lesser included offense</u>

In order to find a defendant guilty of entering or remaining in a restricted building or grounds, you must find the following:

---

[11]    18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. Second, that the defendant knew that the building or grounds was restricted and he knew that he lacked the lawful authority to enter or remain there.

### Order of considering the charges

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of entering or remaining in a restricted building or grounds while using or carrying a deadly or dangerous weapon. If you find the defendant guilty of this offense, do not go on to the lesser included offense. If you find the defendant not guilty, go on to consider whether he is guilty of entering or remaining in a restricted building or grounds.

This order will be reflected in the verdict form that I will be giving you.

### Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same mearing I gave you previously.

The term "deadly or dangerous weapon" has a similar meaning to that I gave you previously. An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing

serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death. The defendant need not have actually used the object in that manner.

**Proposed Instruction No. 26**

**COUNT TEN: DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON[12]**

18 U.S.C. § 1752(a)(2), (b)(1)(A)

Count Ten of the Indictment charges defendants Peter J. Schwartz, Jeffrey Scott Brown, and Markus Maly with disorderly and disruptive conduct in a restricted building or grounds while using or carrying a deadly or dangerous weapon, which is a violation of federal law.  I will also instruct you on the lesser included offense of disorderly and disruptive conduct in a restricted building or grounds, which is also a violation of federal law.  After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

In order to find a defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

2. Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3. Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

4. Fourth, the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

<u>Elements of lesser included offense</u>

---

[12]   18 U.S.C. § 1752.

19

In order to find a defendant guilty of disorderly and disruptive conduct in a restricted building or grounds, you must find the following:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

<u>Order of considering the charges</u>

Now I am going to instruct you as to the order in which you should consider the above offenses.  You should consider first whether the defendant is guilty of disorderly and disruptive conduct in a restricted building or grounds while using or carrying a deadly or dangerous weapon.  If you find the defendant guilty of this offense, do not go on to the lesser included offense.  If you find the defendant not guilty, go on to consider whether he is guilty of disorderly and disruptive conduct in a restricted building or grounds.

This order will be reflected in the verdict form that I will be giving you.

<u>Definitions</u>

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course

of a process.

The terms "restricted building or grounds," "person protected by the Secret Service," "knowingly," have the same meanings I gave you previously. The term "deadly or dangerous weapon" has the meaning that I gave you for Count Nine.

**Proposed Instruction No. 27**

**COUNT ELEVEN: ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED
BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON**

18 U.S.C. § 1752(a)(4), (b)(1)(A)

Count Eleven of the Indictment charges defendants Peter J. Schwartz, Jeffrey Scott
Brown, and Markus Maly with engaging in physical violence in a restricted building or grounds
while using or carrying a deadly or dangerous weapon, which is a violation of federal law.  I will
also instruct you on the lesser included offense of engaging in physical violence in a restricted
building or grounds, which is also a violation of federal law.  After I give you the elements of
these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

In order to find a defendant guilty of this offense, you must find the following elements
beyond a reasonable doubt:

1.  First, the defendant engaged in an act of physical violence against a person or
    property in, or in proximity to, a restricted building or grounds.

2.  Second, the defendant did so knowingly.

3.  Third, the defendant used or carried a deadly or dangerous weapon during and in
    relation to the offense.

<u>Elements of lesser included offense</u>

In order to find a defendant guilty of engaging in physical violence in a restricted
building or grounds, you must find the following:

1.  First, the defendant engaged in an act of physical violence against a person or
    property in, or in proximity to, a restricted building or grounds.

2.  Second, the defendant did so knowingly.

22

## Order of considering the charges

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of engaging in physical violence in a restricted building or grounds while using or carrying a deadly or dangerous weapon. If you find the defendant guilty of this offense, do not go on to the lesser included offense. If you find the defendant not guilty, go on to consider whether he is guilty of engaging in physical violence in a restricted building or grounds.

This order will be reflected in the verdict form that I will be giving you.

## Definitions

The term "act of physical violence" means any act involving an assault or other infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property.

The terms "restricted building and grounds" and "knowingly" have the same meanings I gave you previously. The term "deadly or dangerous weapon" has the meaning that I gave you for Counts Nine and Ten.

**Proposed Instruction No. 28**

**COUNT TWELVE: DISORDERLY CONDUCT IN A CAPITOL BUILDING OR GROUNDS**

40 U.S.C. § 5104(e)(2)(D)

Count Twelve of the Indictment charges defendants Peter J. Schwartz, Jeffrey Scott Brown, and Markus Maly with violent entry and disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find a defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds;

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

3. Third, that the defendant acted willfully and knowingly.

Definitions

The term "United States Capitol Grounds" includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8.[13] You are instructed that the West Terrace, including the Lower West Terrace, is part of the "United States Capitol Grounds."

---

[13]     40 U.S.C. § 5102(a).

24

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Ten defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[14]

The term "knowingly" has the same meaning I gave you previously.

---

[14]     *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

**Proposed Instruction No. 29**

**COUNT THIRTEEN: ENGAGING IN AN ACT OF PHYSICAL VIOLENCE IN THE CAPITOL GROUNDS OR CAPITOL BUILDINGS**

40 U.S.C. § 5104(e)(2)(F)

Count Thirteen of the Indictment charges defendants Peter J. Schwartz, Jeffrey Scott Brown, and Markus Maly with engaging in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings, which is a violation of federal law.

<u>Elements</u>

In order to find a defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.  First, that the defendant engaged in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings.

2.  Second, that the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property.[15]

The terms "United States Capitol Grounds," "willfully," and "knowingly," have the same meanings described in the instructions above.

---

[15]    40 U.S.C. § 5104(a)(1).

26