IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 21-CR-178 (APM) |
| PETER J. SCHWARTZ, JEFFREY SCOTT BROWN | : |
| Defendants. | : |

**DEFENDANTS PETER SCHWARTZ'S AND JEFFREY SCOTT BROWN'S MOTION
*IN LIMINE* TO EXCLUDE EXPERT TESTIMONY**

Defendants Peter J. Schwartz ("Mr. Schwartz") and Jeffrey Scott Brown ("Mr. Brown"), by and through undersigned counsel, and pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, respectfully move this Honorable Court to exclude Metropolitan Police Department ("MPD") Sergeant William Bogner ("Bogner") from testifying as an expert at trial. In support of their motion, Mr. Schwartz and Mr. Brown state as follows:

**I.     INTRODUCTION**

Two weeks before trial is scheduled to commence in this case, counsel for the Government informed undersigned counsel that the Government intends to introduce testimony from MPD Sergeant William Bogner regarding the identification of canisters of spray alleged to be used by the defendants. Counsel for the Government stated that they met virtually with Sgt. William Bogner and that he was shown still shots of Mr. Schwartz holding what appears to be a canister of spray. Furthermore, counsel for the Government stated that Sgt. Bogner is prepared and expected to testify that this canister was full of MK-46 pepper spray and that it was possessed by MPD on January 6, 2021. Additionally, Sgt. Bogner is prepared to testify that the spray allegedly possessed and used inside the tunnel by the defendants was not included in the

1

cache of MPD equipment on January 6, 2021. According to the Government, Sgt. Bogner's testimony relies on his specialized training and expertise in MPD Spray usage to identify the particular agent in the canister.

An amended pretrial order was filed on March 16, 2022, and states that any expert disclosure must be made by September 13, 2022. [ECF 89]. This disclosure was made almost two months after this deadline and leaves the defense with no time to find an expert witness to review the testimony of Sgt. Bogner.

The expert testimony of Sgt. Bogner must be excluded.

## II.    FACTUAL BACKGROUND

On November 7, 2022, counsel for the Government sent an email to undersigned counsel, a copy of which is attached hereto as Exhibit "A", stating the Government had met virtually with Sgt. Bogner and that Sgt. Bogner responded to the Lower West Terrace of the Capitol building on January 6, 2021, and was allegedly inside the tunnel at the same time as the defendants in this case. The email states that Sgt. Bogner has training and experience in how MPD recruits are exposed to the use of oleoresin capsicum spray and is familiar with the different types of sprays MPD had in their equipment inventory on January 6, 2021.

During this meeting, Sgt. Bogner was shown still shots of open-source video and body-worn camera footage from both the terrace and tunnel of the Capitol building and asked if he could identify the canisters of spray allegedly used by the defendants. According to the Government, Sgt. Bogner is prepared to testify that one item Mr. Schwartz was carrying under his arm was a large canister of MK-46 pepper spray and that it was possessed by MPD, on January 6, 2021. Additionally, Sgt. Bogner is prepared to testify that the spray allegedly

possessed and used inside the tunnel by the defendants was not included in the cache of MPD equipment on January 6, 2021.

This disclosure was made on November 7, 2021, which is two weeks before the trial is set to begin on November 22, 2022, and almost two months after expert disclosures were due. *See* ECF 89.

### III.     ARGUMENT

Rule 16 of the Federal Rules of Criminal Procedure states, "the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G).  Rule 16(a)(1)(G) is "intended to provide defendants with a framework for dealing with expert opinion testimony produced by the government." *United States v. Eiland*, No. CRIM 04-379 RCL, 2006 WL 2844921, at *7 (D.D.C. Oct. 2, 2006), *aff'd*, 738 F.3d 338 (D.C. Cir. 2013).  Specifically, the rule aims to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *Id.* (citing Fed. R. Crim. P. 16, Notes of Advisory Committee on 1993 Amendments).

An amended pretrial Order was filed on March 16, 2022, and states that any expert disclosure must be made by September 13, 2022. [ECF 89].  The Government's disclosure was made almost two months after this deadline and leaves the defense with no time to find an expert witness to review the testimony of Sgt. Bogner.  Disregarding a court's scheduling order "would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Headfirst Baseball LLC v. Elwood*, 206 F.

Supp. 3d 148, 152 (D.D.C. 2016) (citing *Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 589 F.Supp. 2d 21, 23 (D.D.C. 2008)).  Therefore, Sgt. Bogner's testimony must be excluded.

Sgt. Bogner's expected testimony would constitute an expert opinion and not a lay opinion.  Any "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702(a).  Sgt. Bogner is relying on his training and experience with MPD recruits and his familiarity with different types of sprays to form his opinion regarding the spray Mr. Schwartz and Mr. Brown allegedly possessed.  This expected testimony is therefore based off past training and expertise and therefore would constitute an expert testimony.  Certainly, a layperson would not be able to render an opinion on the origin of the canister in question. The opinion the government seeks to introduce is an expert opinion.

The scheduling order must be upheld and Sgt. Bogner's testimony must be excluded.

## CONCLUSION

WHEREFORE, based upon the foregoing, Defendants Peter J. Schwartz and Jeffrey Scott Brown respectfully request that this Honorable Court grant their motion *in limine* to exclude expert testimony.

                              Respectfully submitted,

                              /s/ Dennis E. Boyle
                              Dennis E. Boyle
                              Blerina Jasari
                              Boyle & Jasari
                              1050 Connecticut Ave, NW
                              Suite 500
                              Washington, DC 20036
                              dboyle@dennisboylelegal.com
                              bjasari@dennisboylelegal.com

Telephone: (202) 430-1900

*Counsel for Defendant Peter J. Schwartz*

*/s/ Sam C. Moore*
Sam C. Moore
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506
Alexandria, VA 22314
scmoore@scmoore.com
Telephone: (703) 535-7809

*Counsel for Defendant Jeffrey Scott Brown*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 14th day of November 2022, I electronically filed the foregoing document with the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                                 /s/ Dennis E. Boyle
                                                 Dennis E. Boyle