UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Criminal No. 21-cr-00178-01 (APM) |
| PETER J. SCHWARTZ, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Having thoroughly considered Defendant Peter J. Schwartz's Motion to Suppress, ECF No. 121; Defendant's Supplemental Memorandum of Law in Support of His Motion to Suppress, ECF No. 149; the oppositions thereto, ECF Nos. 131 and 155; and the testimony and evidence presented at the hearing on October 21, 2022, the court denies Defendant's motion.

The court holds that the compelled use of Defendant's fingerprint to open and inspect his mobile phone was not a testimonial act giving rise to a violation of his Fifth Amendment right against self-incrimination. The court agrees with the reasoning set forth in *In re Search of [Redacted] Wash., D.C.*, 317 F. Supp. 3d 523, 535–539 (D.D.C. 2018), and *In re Search Warrant*, 470 F. Supp. 3d 715, 729–735 (E.D. Ky. 2020), and adopts it as its own. In particular, the court agrees that "the Fifth Amendment privilege is not triggered where, as here, 'the [g]overnment merely compels some physical act, i.e., where the individual is not called upon to make use of the contents of his mind.'" *In re Search of [Redacted]*, 317 F. Supp. 3d at 537 (quoting *In re Grand Jury Subpoena Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1345 (11th Cir. 2012)); *see*

*also Doe v. United States*, 487 U.S. 201, 211 (1988) ("It is the extortion of information from the accused, the attempt to force him to disclose the contents of his own mind, that implicates the Self–Incrimination Clause.") (internal quotation marks and citations omitted).

The court further finds that, even if the compelled use of Defendant's fingerprint was considered a testimonial act that violated his right against self-incrimination, the good-faith exception applies here. The warrant authorizing the seizure of Defendant's phone expressly permitted law enforcement "to obtain from Schwartz . . . the compelled display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) necessary to unlock any Device(s) requiring such biometric access subject to seizure pursuant to this warrant." Pre-Trial Hearing, Ex. 2, Att. B ¶ 9 (capitalization omitted). Thus, if it was unconstitutional to compel the use of Defendant's fingerprint to access his phone, that violation occurred due to an error by the authorizing magistrate, not law enforcement who executed the warrant. The rationale for the exclusionary rule—to deter police misconduct—is therefore inapplicable here. *See United States v. Leon*, 468 U.S. 897, 921 (1984) (stating that "[p]enalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations"); *United States v. Spencer*, 530 F.3d 1003, 1006–07 (D.C. Cir. 2008) ("So long as the officer relied in objective good faith on the issuing judge's determination, reviewing courts may not apply the exclusionary rule."). To be sure, the good-faith exception typically arises in the context of an alleged Fourth Amendment violation. But the court can discern no reason why it should not apply when a magistrate judge erroneously authorizes law enforcement to compel evidence in violation of a defendant's Fifth Amendment right against self-incrimination and law enforcement relies on that authorization in good faith.

Accordingly, for the foregoing reasons, Defendant's Motion to Suppress, ECF No. 121, is denied.

Date: November 16, 2022

Amit P. Mehta
United States District Court Judge