| | |
|---|---|
| **From:** | Cho, Cindy (USADC) |
| **To:** | Farheena Siddiqui; Danayit Musse; Blerina Jasari; Schiffelbein, Benjamin (FD); Sam Moore; Bond, Jocelyn (USADC); Dennis Boyle; Rancourt, Stephen (USADC) |
| **Cc:** | Jean Claude Douyon |
| **Subject:** | RE: [EXTERNAL] RE: US v. Schwartz et al (21-cr-178) Jury Instructions |
| **Date:** | Sunday, December 4, 2022 5:38:14 PM |

**CAUTION - EXTERNAL:**

Hi Ms. Musse and all,

Thank you for the revised draft. We have three comments on the current draft, and one comment regarding the proposed change from counsel for Jeffrey Brown.

1. First, we propose the following change on page 16 of this draft:

*An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner. Objects that have perfectly peaceful purposes may be turned into dangerous weapons when used in a manner ~~likely to cause~~ **capable of causing** serious bodily injury or death.*

In short, we would strike "likely to cause" from the last sentence and replace it with "capable of causing." To begin, the prior sentence defines the deadly or dangerous weapon as one that is "capable of causing serious bodily injury." This definition is slightly distinct and different from requiring that the object be used in a manner "likely to cause serious bodily injury" and therefore potentially confusing to the jury.

More importantly, "likely to cause" does not appear to be a part of the caselaw we had reviewed in formulating this instruction. In United States v. Arrington, 309 F.3d 40, 45-48 (D.C. Cir. 2002), the court stated (as contained in the prior sentence within our jury instruction) that "the object must be capable of causing serious bodily injury or death to another person and the defendant must use it in that manner." There is no indication that the court intended to place a requirement that the defendant use it in a manner <u>likely</u> to cause serious bodily injury; the court states instead "that the object be used in a deadly or dangerous manner." Id. at 46.

In Chansley, Judge Lamberth stated that "'objects that have perfectly peaceful purposes may be turned into dangerous weapons' when used in a manner likely to cause bodily harm."  525 F. Supp.3d 151, 162 (D.D.C. 2021) (quoting United States v. Rocha, 598 F.3d 1144, 1154 (9th Cir. 2010).  Chansley concerned a detention decision, as opposed to a jury instruction, which calls for a different analysis. And in any case, Judge Lamberth's formulation of the definition omitted "serious" from the "bodily harm" reference.

2. Second, we would propose the following change on page 22 of this draft:

*For purposes of Count Eight, the indictment alleges that the "official proceeding" is Congress's Joint Session to certify the Electoral College vote**, as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. ss15-18.***

In short, we would request the addition of the language in bold and red font – it tracks the indictment.

3. Third, we would oppose the inclusion of the "Mistake of Fact" instruction contained on page 32 of this draft, based on the current evidence in the record. We believe that some evidentiary basis must exist to warrant this instruction.  See Darab v. United States, 623 A.2d 127, 136 (D.C. 1993) ("When a person enters a place with a good purpose and a bona fide belief in his or her right to enter, that person lacks the requisite criminal intent for unlawful entry; see also Smith v. United States, 281 A.2d 438, 439 (D.C. 1971) ("A defendant is entitled to an instruction, where the existence of such a belief is 'genuinely questionable,' to the effect that the government must prove beyond a reasonable doubt that the defendant did not have a reasonable, good faith belief in his lawful authority to stay."). Although this is DC law, we have relied on this caselaw in other January 6 cases when we have included this instruction. In United States v. Matthew Bledsoe, Case No. 1:21-cr-204, the defendant testified and said he thought he was permitted to enter the restricted area or that he was at least not forbidden from doing so.  We did not object to inclusion of a similar instruction in that case.

4. Finally, we would oppose the change requested below by counsel for Jeffrey Brown as an incorrect statement of the charges.

---

**From:** Farheena Siddiqui <fsiddiqui@scmoorelaw.com>
**Sent:** Sunday, December 4, 2022 3:47 PM
**To:** Danayit Musse <Danayit_Musse@dcd.uscourts.gov>; Cho, Cindy (USADC) <CCho@usa.doj.gov>; Blerina Jasari <bjasari@dennisboylelegal.com>; Schiffelbein, Benjamin (FD) <Benjamin_Schiffelbein@fd.org>; Sam Moore <scmoore@scmoorelaw.com>; Bond, Jocelyn (USADC) <JBOND@usa.doj.gov>; Dennis Boyle <dboyle@dennisboylelegal.com>; Rancourt, Stephen (USADC) <SRancourt@usa.doj.gov>
**Cc:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
**Subject:** RE: [EXTERNAL] RE: US v. Schwartz et al (21-cr-178) Jury Instructions

Ms. Musse,

Thank you for sending these. The only note we have is with the Assault instructions (both greater and lesser included offense).

**As of right now, the Court has the greater offense listed as follows:**
<u>Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon</u>
<u>(Greater Offense)</u>
In order to find a defendant guilty of forcibly assaulting, resisting, opposing, impeding,

intimidating, or interfering with a person assisting officers of the United States who are engaged in the performance of their official duties, while using a deadly or dangerous weapon, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such acts, the defendant used a deadly or dangerous weapon.

**The lesser included offense is:**

*Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon*
*(Lesser Included Offense)*

In order to find a defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a person assisting officers of the United States who are engaged in the performance of their official duties, while making physical contact with the person or acting with the intent to commit another felony, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with the person assisting officers of the United States who were then engaged in the performance of their official duties, or acted with the intent to commit another felony.  For purposes of this element, "another felony" refers to the offense charged in Count Two, which is described below.

The issue is that the Greater Offense (deadly or dangerous) should have the following language: "Fifth, the defendant made physical contact with the person assisting officers of the United States who were then engaged in the performance of their official duties, or acted with the intent to commit another felony.  For purposes of this element, "another felony" refers to the offense charged in Count Two, which is described below." And then the Sixth element should be "in doing such acts, the defendant used a deadly or dangerous weapon."

Please let us know if you have any questions. Otherwise, they look good to us.

Farheena Siddiqui
Attorney at Law
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506

Alexandria, VA 22314

703.535.7809 (office)

571.223.5234 (fax)

https://scmoorelaw.com

---

**From:** Danayit Musse <Danayit_Musse@dcd.uscourts.gov>
**Sent:** Friday, December 2, 2022 5:26 PM
**To:** Cho, Cindy (USADC) <Cindy.Cho@usdoj.gov>; Blerina Jasari <bjasari@dennisboylelegal.com>; Schiffelbein, Benjamin (FD) <Benjamin_Schiffelbein@fd.org>; Sam Moore <scmoore@scmoorelaw.com>; Farheena Siddiqui <fsiddiqui@scmoorelaw.com>; Bond, Jocelyn (USADC) <Jocelyn.Bond@usdoj.gov>; Dennis Boyle <dboyle@dennisboylelegal.com>; Rancourt, Stephen (USADC) <Stephen.Rancourt@usdoj.gov>
**Cc:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
**Subject:** RE: [EXTERNAL] RE: US v. Schwartz et al (21-cr-178) Jury Instructions

Counsel,

Attached are revised jury instructions, with revisions in redline to ease your review. Let me know if you have any questions or additional comments.

Best,

Danayit

---

**From:** Cho, Cindy (USADC) <Cindy.Cho@usdoj.gov>
**Sent:** Friday, December 2, 2022 12:55 PM
**To:** Blerina Jasari <bjasari@dennisboylelegal.com>
**Cc:** Schiffelbein, Benjamin (FD) <Benjamin_Schiffelbein@fd.org>; Danayit Musse <Danayit_Musse@dcd.uscourts.gov>; Dennis Boyle <dboyle@dennisboylelegal.com>; fsiddiqui@scmoorelaw.com; scmoore@scmoorelaw.com; Bond, Jocelyn (USADC) <Jocelyn.Bond@usdoj.gov>; Rancourt, Stephen (USADC) <Stephen.Rancourt@usdoj.gov>; Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
**Subject:** Re: [EXTERNAL] RE: US v. Schwartz et al (21-cr-178) Jury Instructions

**CAUTION - EXTERNAL:**

We have some feedback in response to the Court's questions, but our only substantive addition would be to page 14, at the end of the assault charge instructions. We would request the addition of the following definition from USSG 1B1.1, Application Note 1 M:

"Serious bodily injury" means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as

surgery, hospitalization, or physical rehabilitation.

On Dec 2, 2022, at 11:25 AM, Blerina Jasari <bjasari@dennisboylelegal.com> wrote:

Good morning,

We only had one comment on page 18 of the instructions attached.

Thanks,

Blerina

**From:** Benjamin Schiffelbein <Benjamin_Schiffelbein@fd.org>
**Sent:** Thursday, December 1, 2022 7:42 PM
**To:** Danayit Musse <Danayit_Musse@dcd.uscourts.gov>; Dennis Boyle <dboyle@dennisboylelegal.com>; Blerina Jasari <bjasari@dennisboylelegal.com>; fsiddiqui@scmoorelaw.com; scmoore@scmoorelaw.com; jocelyn.bond@usdoj.gov; cindy.cho@usdoj.gov; stephen.rancourt@usdoj.gov
**Cc:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
**Subject:** RE: US v. Schwartz et al (21-cr-178) Jury Instructions

Good evening,

My comments on the instructions are attached. I will propose a defense theory of the case instruction by the charge conference. I am contemplating requesting two additional instructions as well. I will circulate those prior to the conference.

See you tomorrow,


Benjamin Schiffelbein (he/him)
Assistant Federal Public Defender
210 First Street SW, Roanoke VA 24011
(540)777-0880

**If you desire a response to an email in less than twenty-four hours, please call my office or text my work cell at (540)589-6783.

**From:** Danayit Musse <Danayit_Musse@dcd.uscourts.gov>
**Sent:** Thursday, December 1, 2022 1:39 PM

**To:** dboyle@dennisboylelegal.com; bjasari@dennisboylelegal.com; fsiddiqui@scmoorelaw.com; scmoore@scmoorelaw.com; Benjamin Schiffelbein <Benjamin_Schiffelbein@fd.org>; jocelyn.bond@usdoj.gov; cindy.cho@usdoj.gov; stephen.rancourt@usdoj.gov
**Cc:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
**Subject:** RE: US v. Schwartz et al (21-cr-178) Jury Instructions

Counsel,

Please ignore the previous email. Attached is the latest draft of the jury instructions, labelled "v2".

Best,

Danayit

---

**From:** Danayit Musse
**Sent:** Thursday, December 1, 2022 1:04 PM
**To:** dboyle@dennisboylelegal.com; bjasari@dennisboylelegal.com; fsiddiqui@scmoorelaw.com; scmoore@scmoorelaw.com; Schiffelbein, Benjamin (FD) <Benjamin_Schiffelbein@fd.org>; jocelyn.bond@usdoj.gov; cindy.cho@usdoj.gov; stephen.rancourt@usdoj.gov
**Cc:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
**Subject:** US v. Schwartz et al (21-cr-178) Jury Instructions

Counsel,

Attached are draft jury instructions.

The court's revisions to the proposed substantive instructions were done in redline. The court added a few instructions that the parties did not propose, which have been flagged for your review. Please let me know if you have any questions.

Best,

Danayit

**Danayit Musse**
Law Clerk to the Honorable Amit P. Mehta
United States District Court for the District of Columbia
Danayit_Musse@dcd.uscourts.gov
202-354-3250 (Chambers)

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| | |
|---|---|
| **From:** | Benjamin Schiffelbein |
| **To:** | Danayit Musse; dboyle@dennisboylelegal.com; bjasari@dennisboylelegal.com; fsiddiqui@scmoorelaw.com; scmoore@scmoorelaw.com; jocelyn.bond@usdoj.gov; cindy.cho@usdoj.gov; stephen.rancourt@usdoj.gov |
| **Cc:** | Jean Claude Douyon; Womack, Keekee (FD) |
| **Subject:** | RE: US v. Schwartz et al (21-cr-178) Jury Instructions |
| **Date:** | Thursday, December 1, 2022 10:00:03 PM |

Good evening again,

My proposed additional instructions are below. I am contemplating one or two more, but will make a decision likely after the close of evidence. I will file these later to ensure they remain part of the record.

**Political views**
This case involves alleged conduct of the defendants that may be directly relevant to their political views or beliefs around the time of that conduct. As a general matter, a person's political views are not a relevant consideration in deciding whether the government has met its burden of proof. In some cases, such as this case, political beliefs or views may be relevant to a defendant's mental state, and if so, you should consider them only in this respect. But you should not hold any perceived view of a defendant's political beliefs or views against him. Every person in this country is entitled to be judged by an impartial jury.

**NB*. Some state instructions place this in the same instruction not to consider a defendant's race, gender, or ethnicity. I do not believe it is fair to equate bias against these categories with bias against political beliefs. This country has a long history and current practice of oppressing and subjugating racial minorities, women, and trans and nonbinary people, and I do not believe the court should ignore that history by equating these equally correct statements of the law. Additionally, because this case involves particularly evident political views or beliefs, I am asking for a separate instruction. Finally, I have used the phrase "political views or beliefs" because I do not mean to suggest that the belief that Donald Trump won the 2020 election is a legitimate political view. It is, however, a belief that can be described as political.

**Any perceived judicial bias**
It is my job to be as fair and impartial to all the parties as possible throughout the case, and I have striven to do so throughout this case. Please do not consider any of my actions or statements as indicating any bias for or against any party or counsel.

**NB*. This instruction or a version of it could easily be added to the court's standard instruction on the role of the court.

**Demeanor of defendants**
Throughout this trial, you may have observed the demeanor of some of the defendants. Any observations of the demeanor of any of the defendants is not relevant, and you should not consider it in deciding whether the government has met its burden. However, if a defendant chose to testify, you may consider his demeanor during his testimony like that of any other witness in deciding whether to credit that testimony.

**Decision to testify**
Depending on whether Mr. Maly testifies, I will request an instruction on point (either

one of the model instructions on point)

**Theory of defense**
Mr. Maly has raised a defense that he was on the Capitol grounds on January 6th because he was told that morning that he could and should go there by President Donald Trump. A bona fide belief that someone is authorized to be in a location, even one that is restricted, is a defense to the following charges at issue in this indictment:

- Entering or remaining in a restricted building or grounds with a deadly or dangerous weapon;
- Entering or remaining in a restricted building or grounds;
- Disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon;
- Disorderly or disruptive conduct in a restricted building or grounds;
- Engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon;
- Engaging in physical violence in a restricted building or grounds;

See you tomorrow,

---

**From:** Benjamin Schiffelbein
**Sent:** Thursday, December 1, 2022 7:42 PM
**To:** 'Danayit Musse' <Danayit_Musse@dcd.uscourts.gov>; dboyle@dennisboylelegal.com; bjasari@dennisboylelegal.com; fsiddiqui@scmoorelaw.com; scmoore@scmoorelaw.com; jocelyn.bond@usdoj.gov; cindy.cho@usdoj.gov; stephen.rancourt@usdoj.gov
**Cc:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
**Subject:** RE: US v. Schwartz et al (21-cr-178) Jury Instructions

Good evening,

My comments on the instructions are attached. I will propose a defense theory of the case instruction by the charge conference. I am contemplating requesting two additional instructions as well. I will circulate those prior to the conference.

See you tomorrow,

Benjamin Schiffelbein (he/him)
Assistant Federal Public Defender
210 First Street SW, Roanoke VA 24011
(540)777-0880

**If you desire a response to an email in less than twenty-four hours, please call my office or text my work cell at (540)589-6783.

**From:** Danayit Musse <Danayit_Musse@dcd.uscourts.gov>
**Sent:** Thursday, December 1, 2022 1:39 PM
**To:** dboyle@dennisboylelegal.com; bjasari@dennisboylelegal.com; fsiddiqui@scmoorelaw.com; scmoore@scmoorelaw.com; Benjamin Schiffelbein <Benjamin_Schiffelbein@fd.org>; jocelyn.bond@usdoj.gov; cindy.cho@usdoj.gov; stephen.rancourt@usdoj.gov
**Cc:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
**Subject:** RE: US v. Schwartz et al (21-cr-178) Jury Instructions

Counsel,

Please ignore the previous email.  Attached is the latest draft of the jury instructions, labelled "v2".

Best,

Danayit

**From:** Danayit Musse
**Sent:** Thursday, December 1, 2022 1:04 PM
**To:** dboyle@dennisboylelegal.com; bjasari@dennisboylelegal.com; fsiddiqui@scmoorelaw.com; scmoore@scmoorelaw.com; Schiffelbein, Benjamin (FD) <Benjamin_Schiffelbein@fd.org>; jocelyn.bond@usdoj.gov; cindy.cho@usdoj.gov; stephen.rancourt@usdoj.gov
**Cc:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
**Subject:** US v. Schwartz et al (21-cr-178) Jury Instructions

Counsel,

Attached are draft jury instructions.

The court's revisions to the proposed substantive instructions were done in redline.  The court added a few instructions that the parties did not propose, which have been flagged for your review.  Please let me know if you have any questions.

Best,

Danayit

**Danayit Musse**
Law Clerk to the Honorable Amit P. Mehta
United States District Court for the District of Columbia
Danayit_Musse@dcd.uscourts.gov
202-354-3250 (Chambers)