# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 21-cr-178 (APM)** |
| | ) | |
| **PETER SCHWARTZ,** | ) | |
| | ) | |
| **JEFFREY SCOTT BROWN,** | ) | |
| | ) | |
| **MARKUS MALY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JURY INSTRUCTIONS

Ladies and gentlemen, the time has now come when all of the evidence is in.  It is now up to me to instruct you on the law.  Before we talk about the specific charges alleged here and some of the specific issues in this case, I want to take a few moments to talk about some general rules of law.  Some of these will repeat what I told you in my preliminary instructions.

### Function of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

### Function of the Jury

Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the

trial, you alone decide what weight, if any, to give to that evidence.  You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism.  You should not be improperly influenced by anyone's race, ethnic origin, or gender.  Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive responsibility.

## Jury's Recollection Controls

If any reference by the court or the attorneys to the evidence does not coincide with your own recollection of the evidence, it is your recollection that should control during your deliberations.

## Notetaking by Jurors

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

## Burden of Proof – Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial. The

law does not require the defendant to prove his innocence or to produce any evidence at all.  If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense.  On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

### Reasonable Doubt – Defined

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.  In criminal cases such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

### Nature of Charges Not to Be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to render a fair and impartial verdict. There was a reason for that question.  You must not allow the nature of the charges themselves to affect your

verdict.  You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

### Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

### Considering the Evidence in the Case

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case was the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts.  You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.  You should give any evidence such weight as in your judgment it is fairly entitled to receive.

### Statements of Counsel – Not Evidence

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

## Indictment Not Evidence

The indictment is merely the formal way of accusing a person of a crime.  You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. Schwartz, Mr. Brown, or Mr. Maly's guilt or draw any inference of guilt from it.

## Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example.  Assume a person looked out a window and saw that snow was falling.  If he or she later testified in court about what they had seen, their testimony would be direct evidence that snow was falling at the time he saw it happen.  Assume, however, that a person looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  That testimony about what had been seen would be circumstantial evidence that it had snowed while the person was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Inadmissible and Stricken Evidence**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  You must not hold such objections against the lawyer who made them or the party they represent.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.  Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**Credibility of Witnesses**

In determining whether the government has proved its case, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses.  In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject.  You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness

has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience.  In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## Preparation of Witness

You have heard testimony about witnesses meeting with attorneys and/or investigators before they testified.  You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.

**Police Officer's or Law Enforcement Agent's Testimony**

A police officer's or law enforcement agent's testimony should be considered by you just as any other evidence in the case.  In evaluating the officer's or agent's credibility you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer or law enforcement agent.

**Evaluation of Prior Inconsistent Statement of a Witness**

You have heard evidence that witnesses may have made statements on an earlier occasion and that these statements may be inconsistent with the testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

**Evidence Admitted Against One Defendant Only**

Certain evidence in this case has been admitted only against a particular defendant, and not admitted against other defendants.  That evidence includes the following:

**Redacted Documents**

During the course of this trial, some exhibits were admitted in evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, the irrelevant parts of the exhibit were blacked out or otherwise removed, or a video may have been played without audio.  There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy.  As you examine the exhibits, and you see where there appear to be omissions, you

should consider only the portions that were admitted.  You should not guess as to what has been taken out, and you should not hold it against any party. You are to decide the facts only from the evidence that is before you.

### Proof of State of Mind

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances.  You may consider any statement made or acts done or omitted by the defendants, and all other facts and circumstances received in evidence which indicate their intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequence of acts they intentionally did or did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

### Aiding and Abetting

You may find a defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed.  Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender.  It makes no difference which label you attach. The person is as guilty of a crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in

the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt. However, mere physical presence is enough if it is intended to help in the commission of the crime. It is not necessary that you find that the defendant was actually present while the crime was committed.

With these preliminary instructions in mind, let us turn to the charges against the defendants, as contained in the indictment.

### Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon

Counts One, Three, Four, Five, and Seven of the indictment charge defendants with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. These counts additionally charge that defendants, in the commission of such acts, used a deadly or dangerous weapon, and made physical contact with the person and acted with the intent to commit another felony.

In Count One, Mr. Schwartz is alleged to have committed this offense with a chair.

In Count Three, Mr. Schwartz is alleged to have committed this offense between approximately 2:30 p.m. and 2:33 p.m. with pepper spray.

In Count Four, Mr. Schwartz is alleged to have committed this offense at approximately 2:35 p.m. with pepper spray.

In Count Five, Mr. Maly is alleged to have committed this offense at approximately 2:35 p.m. with pepper spray.

In Count Six, Mr. Brown is alleged to have committed this offense between approximately 3:07 p.m. and 3:10 p.m. with pepper spray.

I am going to instruct you on these charges and explain the various elements that you must consider. I will also instruct you on the lesser included offense of assaulting, resisting, opposing, impeding, intimidating, or interfering with any person assisting officers of the United States who are engaged in the performance of their official duties, and while making physical contact with the person or acting with the intent to commit another felony. After I give you the elements of these crimes, I will tell you in what order you should consider them.

*Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon*
*(Greater Offense)*

In order to find a defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a person assisting officers of the United States who are engaged in the performance of their official duties, while using a deadly or dangerous weapon, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such acts, the defendant used a deadly or dangerous weapon.

*Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon*
*(Lesser Included Offense)*

In order to find a defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a person assisting officers of the United States who are engaged in the performance of their official duties, while making physical contact with the person or acting with the intent to commit another felony, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with the person assisting officers of the United States who were then engaged in the performance of their official duties, or acted with the intent to commit another felony.  For purposes of this element, "another felony" refers to the offense charged in Count Two, which is described below.

<u>Order of considering the charges</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, opposing, impeding, intimidating, or interfering with  any person assisting officers of the United States who are engaged in the performance of their official duties, while using a deadly or dangerous weapon.  If you find the defendant guilty, do not go on to the other charge.  If you find the defendant not guilty, go on to consider assaulting, resisting, opposing, impeding, intimidating,

or interfering with any person assisting officers of the United States who are engaged in the performance of their official duties, while making physical contact with the person or acting with the intent to commit another felony.

This order will be reflected in the verdict form that I will be giving you.

Definitions

A person acts "forcibly" if he uses force, attempts to use force, or threatens to use force against the officer. A threat to use force at some unspecified time in the future is not sufficient to establish that a defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that it was a part of the official duty of a Metropolitan Police Department officer to assist federal officers in protecting the U.S. Capitol complex on January 6, 2021, and detaining individuals who lacked authorization to enter the restricted area around the complex. It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant

intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner. Objects that have perfectly peaceful purposes may be turned into dangerous weapons when used in a manner likely to cause seriously bodily injury or death.

In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the object is used.

## Obstructing Officers During a Civil Disorder

Count Two of the Indictment charges defendants Peter J. Schwartz, Jeffrey Scott Brown, and Markus Maly with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

### Elements

In order to find a defendant guilty of this offense, you must find the following elements beyond a reasonable doubt:

First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Definitions

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments.  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

15

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

<u>Attempt</u>

In Count Two, defendants are also charged with attempt to commit the crime of obstructing officers during a civil disorder.  An attempt to obstruct officers during a civil disorder is a federal crime even though the defendant did not actually complete the crime of obstructing officers during a civil disorder.

In order to find a defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find a defendant guilty of attempting to obstruct officers during a civil disorder merely because he thought about it.  You

must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find a defendant guilty of attempting to obstruct officers during a civil disorder merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

### **Obstruction of an Official Proceeding and Aiding and Abetting**

Count Eight of the Indictment charges defendant Peter J. Schwartz only with corruptly obstructing an official proceeding, which is a violation of the law.  Count Eight also charges Mr. Schwartz with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.  The Court will first explain the elements of the substantive offense, along with its associated definitions.  Then, the court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

### Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant acted with the intent to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

<u>Definitions</u>

The term "official proceeding" includes a proceeding before the Congress.  If the official proceeding was not pending at the time of the offense, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.  As used in Count Eight, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

The term "knowingly" has the same meaning that I gave you previously.

To act "corruptly," the defendant must use unlawful means or act with an unlawful purpose, or both.  The defendant must also act with "consciousness of wrongdoing."  "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

<u>Attempt</u>

In Count Eight, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding.  An attempt to commit obstruction of an official proceeding

18

is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that Mr. Schwartz aided and abetted others in committing obstruction of an official proceeding as charged in Count Eight.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

## Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon

Count Nine of the Indictment charges defendants Peter J. Schwartz, Jeffrey Scott Brown, and Markus Maly with entering or remaining in a restricted building or grounds while using or carrying a deadly or dangerous weapon, which is a violation of federal law.  I will also instruct you on the lesser included offense of entering or remaining in a restricted building or grounds, which is also a violation of federal law.  After I give you the elements of these crimes, I will tell you in what order you should consider them.

### *Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (Greater Offense)*

In order to find a defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, that the defendant knew that the building or grounds was restricted and he knew that he lacked the lawful authority to enter or remain there.

Third, that the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

### *Entering or Remaining in a Restricted Building or Grounds (Lesser Included Offense)*

20

In order to find a defendant guilty of entering or remaining in a restricted building or grounds, you must find the following:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, that the defendant knew that the building or grounds was restricted and he knew that he lacked the lawful authority to enter or remain there.

<u>Order of considering the charges</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of entering or remaining in a restricted building or grounds while using or carrying a deadly or dangerous weapon. If you find the defendant guilty of this offense, do not go on to the lesser included offense. If you find the defendant not guilty, go on to consider whether he is guilty of entering or remaining in a restricted building or grounds.

This order will be reflected in the verdict form that I will be giving you.

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same mearing I gave you previously.

The term "deadly or dangerous weapon" has a similar meaning to that I gave you previously. An object may be considered a "deadly or dangerous weapon" for one of two reasons.

First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death. The defendant need not have actually used the object in that manner.

### Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon

Count Ten of the Indictment charges defendants Peter J. Schwartz, Jeffrey Scott Brown, and Markus Maly with disorderly and disruptive conduct in a restricted building or grounds while using or carrying a deadly or dangerous weapon, which is a violation of federal law.  I will also instruct you on the lesser included offense of disorderly and disruptive conduct in a restricted building or grounds, which is also a violation of federal law.  After I give you the elements of these crimes, I will tell you in what order you should consider them.

### *Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (Greater Offense)*

In order to find a defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Fourth, the defendant used or carried a deadly or dangerous weapon during and in relation

to the offense.

### *Disorderly or Disruptive Conduct in a Restricted Building or Grounds*
### *(Lesser Included Offense)*

In order to find a defendant guilty of disorderly and disruptive conduct in a restricted building or grounds, you must find the following:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

### Order of considering the charges

Now I am going to instruct you as to the order in which you should consider the above offenses.  You should consider first whether the defendant is guilty of disorderly and disruptive conduct in a restricted building or grounds while using or carrying a deadly or dangerous weapon.  If you find the defendant guilty of this offense, do not go on to the lesser included offense.  If you find the defendant not guilty, go on to consider whether he is guilty of disorderly and disruptive conduct in a restricted building or grounds.

This order will be reflected in the verdict form that I will be giving you.

### Definitions

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by

jostling against or unnecessarily crowding that person

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The terms "restricted building or grounds," "person protected by the Secret Service," "knowingly," have the same meanings I gave you previously. The term "deadly or dangerous weapon" has the meaning that I gave you for Count Nine.

### <u>Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon</u>

Count Eleven of the Indictment charges defendants Peter J. Schwartz, Jeffrey Scott Brown, and Markus Maly with engaging in physical violence in a restricted building or grounds while using or carrying a deadly or dangerous weapon, which is a violation of federal law.  I will also instruct you on the lesser included offense of engaging in physical violence in a restricted building or grounds, which is also a violation of federal law.  After I give you the elements of these crimes, I will tell you in what order you should consider them.

### *Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (Greater Offense)*

In order to find a defendant guilty of this offense, you must find the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Third, the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

### *Engaging in Physical Violence in a Restricted Building or Grounds (Lesser Included Offense)*

In order to find a defendant guilty of engaging in physical violence in a restricted building or grounds, you must find the following:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

<u>Order of considering the charges</u>

Now I am going to instruct you as to the order in which you should consider the above offenses.  You should consider first whether the defendant is guilty of engaging in physical violence in a restricted building or grounds while using or carrying a deadly or dangerous weapon. If you find the defendant guilty of this offense, do not go on to the lesser included offense.  If you find the defendant not guilty, go on to consider whether he is guilty of engaging in physical violence in a restricted building or grounds.

This order will be reflected in the verdict form that I will be giving you.

<u>Definitions</u>

The term "act of physical violence" means any act involving an assault or other infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property.

The terms "restricted building and grounds" and "knowingly" have the same meanings I gave you previously. The term "deadly or dangerous weapon" has the meaning that I gave you for Counts Nine and Ten.

## **Disorderly Conduct in a Capitol Building or Grounds**

Count Twelve of the Indictment charges defendants Peter J. Schwartz, Jeffrey Scott Brown, and Markus Maly with violent entry and disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

<u>Elements</u>

In order to find a defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds;

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, that the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "United States Capitol Grounds" includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8.  You are instructed that the West Terrace, including the Lower West Terrace, is part of the "United States Capitol Grounds."

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Ten defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

The term "knowingly" has the same meaning I gave you previously.

**<u>Engaging in an Act of Physical Violence in the Capitol Grounds or Capitol Buildings</u>**

Count Thirteen of the Indictment charges defendants Peter J. Schwartz, Jeffrey Scott Brown, and Markus Maly with engaging in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings, which is a violation of federal law.

Elements

In order to find a defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings.

Second, that the defendant acted willfully and knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property.

The terms "United States Capitol Grounds," "willfully," and "knowingly," have the same meanings described in the instructions above.

**Multiple Defendants--Multiple Counts**

Each count of the indictment charges a separate offense. Moreover, each defendant is entitled to have the issue of their guilt as to each of the crimes for which they are on trial determined from their own conduct and from the evidence that applies to them as if they were being tried alone. You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the indictment, as well as to each defendant.

The fact that you may find any one defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment for that defendant. Nor should it influence your verdict with respect to any other defendant as to that count or any other count in the indictment. Thus, you may find any one or more of the defendants guilty or not guilty on any one or more counts of the indictment, and you may return different verdicts as to different defendants and as to different counts. At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any defendant on any count.

## **Defense Statement of the Case**



Before I excuse you to deliberate, I want to discuss a few final matters with you.

## **Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## **Cautionary Instruction on Communication and Research**

I would like to remind you that, in some cases, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial.  During deliberations, you may not communicate with anyone not on the jury about this case.  This includes any electronic communication such as email or text or any blogging about the case.  In addition, you may not conduct any independent

investigation during deliberations.  This means you may not conduct any research in person or electronically via the internet or in another way.

## **Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 11-1, or in any other fashion—or whether the vote favors the government, the defendant, or is on any other issue in the case.

## **Jurors' Duty to Deliberate**

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

## Attitude and Conduct of Jurors in Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.  It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.  Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.  Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.  Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## Unanimity of Verdict

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.  In other words, your verdicts must be unanimous.

## Possible Punishment Not Relevant

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.  The duty of imposing sentence in the event of a conviction rests exclusively with me.  Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence except for the physical evidence.  You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

## Furnishing the Jury with a Copy of the Instructions

I will provide each of you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

## Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

## Delivering the Verdict

When you have reached your verdict, just send me a note telling me you have reached your verdict, and have your foreperson sign the note.  Do not tell me what your verdict is.  The foreperson should fill out and sign the verdict form that will be provided.  We will then call you into the courtroom and ask you your verdict in open court.

## Excusing Alternate Jurors

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal.  We selected the alternate seats before any of you entered the courtroom.  Since the rest of you have remained healthy and attentive, I can now excuse the jurors in seats 10 and 13.

Before you leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk.  I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror.  Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you.  My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet.  In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury.  Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

You may now retire to begin your deliberations.