IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-178 (APM) |
| | : |
| PETER J. SCHWARTZ, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR ORDER AUTHORIZING RESTITUTION PAYMENT FROM INMATE TRUST ACCOUNT**

Defendant Peter J. Schwartz ("Mr. Schwartz"), by and through undersigned counsel, respectfully submits his opposition to the Government's Motion for Order Authorizing Restitution Payment from Inmate Trust Account. In support of his opposition, Mr. Schwartz states as follows:

**INTRODUCTION**

On December 6, 2022, Mr. Schwartz was found guilty as to all counts of the Second Superseding Indictment. On May 5, 2023, he was sentenced to 170 months' incarceration as to counts 1, 3, 4, 7, and 8, 60 months' incarceration as to count 2, 120 months' incarceration as to Counts 9, 10, and 11, and 6 months' incarceration as to counts 12 and 13, with all terms of incarceration to run concurrently. Mr. Schwartz was also sentenced to 36 months of supervised release. Finally, the Court ordered payment of a special assessment of $920.00 and restitution of $2,000.00.

The government filed the instant motion requesting entry of an order authorizing the Bureau of Prisons to seize and send all or a reasonable portion of Mr. Schwartz' Inmate Trust Account to the Court towards satisfaction of his outstanding financial obligation. As a preliminary matter, the government attached a lien on the entire balance of Mr. Schwartz's

Inmate Trust Account. As such, Mr. Schwartz has no access to his personal funds and is unable to purchase even necessities, such as soap and other hygiene products.

Since his sentencing, Mr. Schwartz has consistently submitted payments to satisfy the monetary penalties. There is no reason to believe that Mr. Schwartz will stop these payments; and, considering Mr. Schwartz's lengthy incarceration, there is no reason to expedite this process. Furthermore, the Schedule of Payments in this Court's written judgment specifically notes that the restitution payment is not due until after Mr. Schwartz's release. For these reasons and as set forth in more detail below, the government's motion should be denied.

## **ARGUMENT**

The government is requesting that the Court modify the payment schedule it previously set in order to satisfy the criminal monetary penalties owed because Mr. Schwartz experienced a "windfall". *See* Gov. Motion, at 6-8.

"The circumstances under which a district court may modify a sentence or judgment are very specific and limited." *United States v. Rush*, 853 F. Supp. 2d 159, 163 (D.D.C. 2012) (internal quotation marks omitted). The Mandatory Victims Restitution Act of 1996 ("MVRA") specifies that the Court "shall" specify in the restitution order "the manner in which, and the schedule according to which, the restitution is to be paid," Section 3664(f)(2), taking into consideration "(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents". *Ibid.* The Court may order "a single, lump-sum payment," "partial payments at specified intervals," "in-kind payments," "a combination of payments at specified intervals and in-kind payments," or even "nominal periodic payments." *Id.* § 3664(f)(3)(A)–(B).

Thus, although the MVRA restricts discretion in setting the amount of restitution, the statute expressly authorizes discretion in "fashioning" how the defendant is required to pay that amount. *See Paroline v. United States*, 134 S. Ct. 1710, 1729 (2014) ("District courts routinely exercise wide discretion both in sentencing as a general matter and more specifically in fashioning restitution orders.").

"A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that" the order can be "corrected," "amended," "modified," or "adjusted." *Id.* § 3664(o). One circumstance in which the restitution order may be adjusted post-sentencing occurs when the court is notified "of a material change in the defendant's economic circumstances." *Id.* § 3664(k). Upon receipt of such financial information, "the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Ibid.*

The balance in Mr. Schwartz' Inmate Trust Account is $1,753.43 which consists of money his elderly parents and other individuals close to Mr. Schwartz sent to him to support him during his incarceration. Mr. Schwartz did not inherit or otherwise obtain a large amount of money and he does not receive consistent monthly payments from an affluent source, unlike the defendants in the cases the government cites in support of its motion. *See* Gov. Motion, at 9 (*citing United States v. Grigsby*, No. 12-10174, 2016 WL 1056560, at *5 (D. Kan. Mar. 16, 2016), *aff'd*, 665 F. App'x 701 (10th Cir. 2016), *cert. denied*, No. 16-8977, 2017 WL 1740928 (U.S. Jun. 5, 2017) (defendant received a <u>substantial pension worth more than $50,000.00</u> after he failed to mention it in the financial statement which he signed and gave to the probation officer) ; *see also ibid.* (*citing United States v. Hester*, No. 10-cr-2967, 2016 WL 1007335 at *3 (S.D. Cal. Mar. 14, 2016) (For almost six years, defendant received deposits of approximately

$940.00 per month with an ending balance showing more than $12,600.00); *ibid*. (*citing United States v. Grant*, 235 F.3d 95, 101 (2d Cir. 2000) (approximately $34,000.00 was deposited into the defendant's inmate account as a result of his illicit activities).

Mr. Schwartz's financial condition has not materially changed in comparison to his condition before a sentence was imposed. *See United States v. Dye*, 48 Fed. Appx. 218, 220, 2002 WL 31245976 (8th Cir. 2002) ("A material change in a defendant's economic circumstances is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed").

Furthermore, nothing in the Court's written judgment suggests that the Court intended to make the full restitution amount due immediately. *See* Judgment [ECF 219]. To the contrary, the payment schedule sets forth the following special instructions regarding the payment of criminal monetary penalties: "Restitution payment rate will be determined by the U.S. Probation Office once the defendant is released from custody." *Id.* at 8.

Most importantly, in the check-the-box Schedule of Payments section of the written judgment, the Court did not check the box providing for "[p]ayment to begin immediately". *Ibid*. By leaving this box blank and providing special instructions to begin after Mr. Schwartz's release from custody, the Court declined to order immediate payment of the full restitution amount. *See United States v. Carter*, 742 F.3d 440, 444 (9th Cir. 2014) (*per curiam*) (concluding that the judgment did not require restitution as part of supervised release conditions, in part because the district court had not checked the box requiring restitution).

There was no material change in Mr. Schwartz's financial situation which would warrant a modification of the payment schedule set forth in the Court's written judgment. *See* MVRP § 3664(k). The government's motion should be denied.

## CONCLUSION

Based upon the foregoing, Defendant Peter J. Schwartz respectfully requests that the Government's motion be denied.

Dated: October 26, 2023                         Respectfully Submitted,


                                                 */s/ Dennis E. Boyle*
                                                 Dennis E. Boyle
                                                 Blerina Jasari
                                                 Boyle & Jasari
                                                 1050 Connecticut Ave, NW
                                                 Suite 500
                                                 Washington, D.C., 20036
                                                 Email: dboyle@boylejasari.com
                                                 Phone: (202) 798-7600

                                                 *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2023 a true and correct copy of the foregoing document has been served electronically via the Court's CM/ECF system on counsel of record for all parties.

*/s/ Dennis E. Boyle*
Dennis E. Boyle, Esquire